HARVEY D. EATON

*vs.*

GRANITE STATE PROVIDENT ASSOCIATION.

Kennebec. Opinion March 25, 1896.

*Agency. Proof.*

Evidence that a third person by his declarations and acts assumed to be the agent of a corporation, does not amount to proof of such agency in an action against the corporation.

Agency cannot be established against an alleged principal by showing the words and acts of the alleged agent.

On Motion and Exceptions by Defendants.

The case is stated in the opinion.

*Wm. T. Haines and Harvey D. Eaton*, for plaintiff.

*S. S. Brown*, for defendant.

Sitting: Peters, C. J., Walton, Emery, Foster, Haskell, Strout, JJ.

Emery, J.   The plaintiff at the request of one Hicks performed services, as he supposed, for the Granite State Provident Association, the defendant.   Mr. Hick's employment of the plaintiff was with the assent and concurrence of two other men, W. C. Scarboro and H. G. Scarboro.   The plaintiff had no conversation nor correspondence with any other person in relation to his employment.

The defendant company did not accept the plaintiff's services nor receive any benefit from them, though this was through no fault of the plaintiff.   Therefore, to recover of the defendant company compensation for his services, the plaintiff must establish by competent evidence, that either Hicks, or one of the Scarboros, was the agent of the defendant company with authority to employ the plaintiff to render the services in question.

That all three of these men assumed to be such agents, and talked and acted as though they were such agents, is beyond question; but agency cannot be established against an alleged principal by showing the words and acts of the alleged agent.   The defendant company is sued as a corporation; but no corporate vote, no vote of the directors, no word or act of any of its officers is shown tending to prove that either of these three men assuming to act as agent had the least authority to do so.

The plaintiff testified that he once met these three men in the "general office" of the defendant company at No. 88 Exchange St., Portland; but here again no corporate vote, no directors' vote, no word or act of any appropriate corporate officer is shown tending to prove that the company had or recognized any place in Portland as a general office.   The plaintiff evidently supposed the place to be the company's general office, and hence called it so in his testi-

mony; but his belief and consequent statement are no evidence of the truth of the proposition as against the company.

The case shows that Hicks and the Scarboros were present at the trial, but this was only their act. It does not appear that any officer of the company requested their attendance or was aware of it. Nor would such request be evidence of their prior agency. They might have been summoned as witnesses to disprove any agency.

There is visible to the careful reader a wide difference between this case and the case *Cloran* v. *Houlihan*, 88 Maine, 221. In that case an attorney at law acting for the plaintiff had discharged the account for a small sum. The question was whether the attorney was the attorney of the plaintiff. The attorney, himself, testified that he had received letters from the plaintiff's house instructing him to return the money to the defendant and bring an action. This was direct evidence of employment as attorney and if true was sufficient. In this case the only evidence is the plaintiff's own testimony as to the acts and declarations of the supposed agent. No act or declaration of any officer of the defendant company is testified to.

The plaintiff too confidently assumed that these men, or some of them, were authorized to act for the defendant company, and neglected to adduce competent evidence of such authority.

*Motion sustained.*