1998 ME 105

**Edward W. PAGE, et al.,**

v.

**BOONE'S TRANSPORT, LTD.**

Supreme Judicial Court of Maine.

Argued April 7, 1998.

Decided May 13, 1998.

Donald Grey Lowry, John W. Philbrick, Benjamin A. Lowry (orally), Lowry & Associates, Portland, for appellant.

William J. Kelleher (orally), William J. Kelleher, P.A., Augusat, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Edward W. and Gloria J. Page, individually and as legal guardians of Robert A. Page, appeal from a summary judgment entered in the Superior Court (Kennebec County, *Marden, J.*) in favor of Boone's Transport, Ltd. contending that the record contains a genuine issue of material fact that precludes the entry of a summary judgment.[1] We disagree and affirm the judgment.

[¶ 2] The Pages were occupants of a motor vehicle that was struck by a tractor trailer owned by Conrad W. Neilson and operated by Richard A. Wheeler. The Pages filed a complaint against Boone's Transport, Ltd.,[2] claiming that Neilson was an agent of

---

1. Boone's Transport, Ltd. cross-appeals from the court's denial of its motions to dismiss. Because of our determination on the summary judgment claim, we do not consider the cross-appeal.

2. Boone's is a Canadian corporation with a principal place of business in Woodstock, New Brunswick, Canada.

Boone's, Wheeler was an employee of Neilson, the accident was a result of Wheeler's negligence, and Boone's was responsible for the negligence of its agent's employee.

[¶ 3] Boone's moved for a summary judgment claiming that the Pages failed to establish that Neilson was its agent. In accordance with M.R.Civ.P. 7(d)(1) Boone's submitted a statement of material facts and affidavits establishing that Boone's did not own or lease the tractor trailer involved in the accident and that neither Neilson nor Wheeler were agents or employees of Boone's.[3]

[¶ 4] In response, the Pages filed their own statement of material facts in accordance with M.R.Civ.P. 7(d)(2). The only evidence supporting their claim of agency, however, was a deposition statement by Neilson acknowledging that at the time of the accident a sign on the side of the truck read "Leased to: Boone's Transport, Ltd." and his statement that he placed the sign on the truck because "like we were just working, like, for them. We didn't haul for anybody else." No other support for the agency statement was offered.[4] The Pages offered no testimony stating that the sign on the truck was accurate and conceded that Neilson had his own insurance and license on the truck, and that Neilson and Wheeler were not employees of Boone's on the date of the accident. Because the Pages failed to present any evidence establishing an agency relationship, or any other relationship, on which Boone's could be held liable for the Pages' injuries, the court concluded there was no issue of material fact in dispute and granted a summary judgment in favor of Boone's. *Maine State Academy of Hair Design, Inc. v. Commercial Union Ins. Co.*, 1997 ME 188, ¶ 5, 699 A.2d 1153, 1156 ("A summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact."); *Biette v. Scott Dugas Trucking and Excavating, Inc.*, 676 A.2d 490, 494 (Me.1996) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); M.R.Civ.P. 56(c).

[¶ 5] In order to hold Boone's liable, the Pages were required to establish an agency relationship between Boone's and Neilson and/or Wheeler. "Agency is a fiduciary relationship resulting from an agreement that one party will act on behalf of, and subject to the control of the other." *State v. Prior*, 662 A.2d 225, 227 (Me.1995). *See Libby v. Concord Gen. Mut. Ins. Co.*, 452 A.2d 979 (Me.1982). The agreement must involve a manifestation of consent by one person to another. *Libby*, 452 A.2d at 981; RESTATEMENT (SECOND) OF AGENCY § 1.1 (1958). It is the element of continuous subjection to the will of the principal which distinguishes the agent from other fiduciaries. *Id.* at cmt. b. Consent and control are required elements of an agency relationship. Additionally, we have long recognized that an agency relationship cannot be established solely by the agent's declarations. *See Eaton v. Granite State Provident Ass'n*, 89 Me. 58, 60, 35 A. 1015, 1015 (1896); *Libby*, 452 A.2d at 982 (the authority necessary to establish agency depends on "manifestation of consent *by the principal*").

[¶ 6] The Pages offered no proof that Neilson and Wheeler were subject to Boone's control on the date of the accident. They rely on only two pieces of evidence in an attempt to withstand the summary judgment motion. Notwithstanding the legend on the truck, the Pages offered no evidence that the truck was actually leased to Boone's and, therefore, did not controvert the three affidavits establishing that the truck was not,

3. Boone's submitted affidavits from Ingham K. Bryanton (president and general manager of Big Wheels Transport & Leasing, Ltd., which acquired and became the sole owner of Boone's on November 30, 1989), Robert J. McCormick (general manager of Boone's in 1990), and Neilson.

4. The Pages expressed *intentions* to find evidence of an agency relationship in their opposition to the summary judgment motion and statement of material facts. The Pages' supplemental memorandum did not provide additional evidence that was supported by the record. Mere intentions to find evidence that an agency relationship existed are not sufficient to withstand a summary judgment motion.

in fact, leased to Boone's. Neilson's statement that he worked exclusively for Boone's, even if true, does not constitute control by Boone's. The parties agreed that the truck's insurance and license were held by Neilson, not Boone's. Thus, no evidence of control was presented by the Pages. The evidence presented is, at most, merely colorable and is insufficient to establish an agency relationship between Neilson and Boone's.

[¶ 7] The court, therefore, properly concluded that Boone's was entitled to a summary judgment because the Pages failed to present a genuine issue of material fact concerning the relationship between Boone's and Neilson.

The entry is:

Judgment affirmed.

