2002 ME 47

**Rozanna PATANE**

v.

**Philip BROWN.**

Supreme Judicial Court of Maine.

Argued: March 6, 2002.

Decided: March 28, 2002.

---

Susan Bernstein Driscoll, Esq. (orally), Bergen & Parkinson, LLC, Kennebunk, for plaintiff.

Patrick S. Bedard, Esq. (orally), Eliot, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Philip Brown appeals from the judgment entered in the District Court (York, *Wheeler, J.*) granting Rozanna Patane an order for protection from harassment against him pursuant to 5 M.R.S.A. § 4655 (2002). Brown contends that the court erred in granting the order because the underlying dispute between the parties involved title to real estate that was the subject of a pending case in the Superior Court and because his act of cutting a bush in a right-of-way did not constitute harassment because he had the legal right to cut it. Brown further argues that Patane failed to prove that he committed criminal threatening, 17–A M.R.S.A. § 209 (1983), or reckless conduct, *id.* § 211, sufficient to constitute harassment pursuant to 5 M.R.S.A. § 4651(2)(C) (Pamph.2001). We affirm the judgment although we do not reach the issue of whether the District

Court erred in determining that Brown violated the reckless conduct statute.

## I. FACTS AND PROCEEDINGS

[¶ 2] Patane and Brown are neighbors who were engaged in a dispute over the ownership of a thirty-foot right-of-way between their properties. Brown had filed a declaratory judgment action in the York County Superior Court concerning the dispute, and that action was pending on April 7, 2001, the date of the incident that led Patane to seek an order for protection from harassment.

[¶ 3] Patane filed a complaint for protection from harassment against Brown and was granted a temporary order. *See* 5 M.R.S.A. § 4654(2) (2002). A hearing on the complaint was held on June 18, 2001, at which both parties, who were represented by counsel, testified and presented witnesses.

[¶ 4] The court found the following facts. While Patane was eating dinner with her daughter she heard a chain saw near her home. She found Brown cutting down a bush in the contested right-of-way ten feet from Patane's home. Patane told Brown to stop and said she was going to call the police. He refused to stop, and Patane picked up a rake to try and stop him. When she realized she could not stop him, she went back into her house and called the police. Brown finished cutting the bush and took the chain saw to his barn, about fifteen feet away. Patane came back outside while Brown was picking up branches from the bush, and she grabbed one of the branches that Brown was holding. As they struggled with the branch, Brown came toward her and caused her to fall backwards to the ground. The court described Brown at that point as leaning over Patane and "in her face saying repeatedly 'Ha! Ha! Ha!' in an uncontrollable and threatening manner." Brown also said to Patane, "Aren't you powerful with your rake?" Patane was frightened.

[¶ 5] The court found that Brown had no purpose in cutting down the bush except to intimidate Patane and that he did so at a time an action was pending in court to resolve the very issue of the rights of the parties to the right-of-way. Brown did not need to use the right-of-way because he had another means of access to his home and barn.

[¶ 6] The court concluded that the only definition of harassment in 5 M.R.S.A. § 4651(2) applicable to this situation was that contained in subsection (C), which provided that harassment means a single act constituting a violation of one of several enumerated statutes.[1] The other definitions of harassment require three acts or more, *see id.* § 4651(2)(A), (B), and the court expressly found that the "three acts" requirement was not met. Therefore, only subsection (C) could pertain to the case.

[¶ 7] Most of the enumerated statutes in subsection (C) are from the Criminal Code, and of those statutes the court examined two: criminal threatening, 17–A M.R.S.A.

---

1. Title 5 M.R.S.A. § 4651(2)(C), at the time Patane filed her complaint, defined "harassment" as:
   C. A single act constituting a violation of section 4681; Title 17, section 2931; or Title 17–A, sections 201, 202, 203, 204, 207, 208, 209, 210, 210–A, 211, 253, 301, 302, 303, 506–A, 556, 802, 805, or 806.

The current version of § 4651(2)(C) reads:
   C. A single act or course of conduct constituting a violation of section 4681; Title 17, section 2931; or Title 17–A, sections 201, 202, 203, 204, 207, 208, 209, 210, 210–A, 211, 253, 301, 302, 303, 506–A, 511, 556, 802, 805, or 806.

§ 209,[2] and reckless conduct, *id.* § 211.[3] The court concluded that "Brown's threatening body language and mocking laughter coupled with the use of a chain saw so close to Patane's home placed Patane reasonably in fear of imminent bodily injury and for the safety of her and her daughter." The court also determined that Brown had committed reckless conduct by using his chain saw very close to Patane's home in the middle of an emotionally charged property dispute.

[¶ 8] The court issued an order for protection from harassment which prohibited Brown from "harassing, threatening, assaulting, molesting, attacking or otherwise abusing" Patane. Brown was prohibited from going on Patane's property and restrained from interfering with or destroying her property, but this prohibition expressly did not include the disputed right-of-way. The protection order is to remain in effect until July 23, 2002. The court reserved judgment on Patane's request for Brown to pay her attorney fees, pursuant to 5 M.R.S.A. § 4655(1)(E) (2002), until such time as an affidavit of fees was submitted.

## II. DISCUSSION

■ [¶ 9] Brown first argues that the court should have dismissed Patane's complaint because it was impossible to determine whether harassment occurred without first deciding who owned the right-of-way. For this proposition he cites 5 M.R.S.A. § 4655(4) (2002), which states that a protection from harassment order may not affect title to real property. The order issued in this case does not affect

title to real estate, and section 4655(4) does not prohibit a court from entertaining a complaint for harassment merely because the underlying dispute between the parties concerns property ownership. This contention is without merit.

■ [¶ 10] Brown's second argument is that he had a right to cut the bush in the right-of-way and that the statutory definition of harassment expressly "does not include any act protected by law." P.L. 1995, ch. 650, § 1.[4] Brown misunderstands the gravamen of Patane's complaint. It was his acts toward Patane, not his act of cutting down the bush, that lay at the heart of Patane's complaint. It was his "threatening body language and mocking laughter" toward Patane, in the context of his use of a chain saw close to her house, that convinced the court that he had harassed Patane. Whether he had the right to cut down the bush was not at issue. The crux of the case was his manner toward Patane at the time and immediately after he cut the bush. Brown's second argument cannot succeed.

[¶ 11] Brown also argues that the court erred in finding that Patane had proven by a preponderance of the evidence that Brown committed criminal threatening. Specifically, he claims that the court did not expressly find, and could not have found, that Brown acted intentionally or knowingly when he placed Patane in fear of imminent bodily injury. The criminal threatening statute requires that the offender act either intentionally or knowingly. 17–A M.R.S.A. § 209. To find that

---

**2.** Section 209(1) provides: "A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury."

**3.** Section 211(1) provides: "A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person."

**4.** Volume 2A of the Maine Revised Statutes Annotated, containing Title 5, sections 1–8000, erroneously omits the following language from section 4651(2) which was never deleted from the statute by the Legislature: "This definition does not include any act protected by law."

Brown was acting "intentionally," the court would have had to be convinced that it was more likely than not that it was his "conscious object" to place Patane in fear of imminent bodily injury. *Id.* § 35(1)(A). To find that Brown was acting "knowingly," the court would have had to be convinced that it was more likely than not that Brown was "aware that it [was] practically certain that his conduct" would place Patane in fear of imminent bodily injury. *Id.* § 35(2)(A).

■ [¶ 12] Although the court did not use the words "intentionally" or "knowingly" in describing Brown's conduct, the court found that Brown's sole purpose in cutting the bush near Patane's house with a chain saw was to intimidate her and that his actions were undertaken to threaten and intimidate her. Thus, the court implicitly found that it was Brown's "conscious object" to cause Patane to be in fear of imminent bodily injury.

■ [¶ 13] Brown also contends that by relying on Brown's use of the chain saw near Patane's house to find that he threatened her with imminent bodily harm, the court erred. He argues that the use of a chain saw near a person's home cannot be considered threatening when the chain saw is only used to cut down a bush. Although the court viewed the context of the entire incident as including Brown's use of the chain saw near Patane's house, it was only one of the facts that led the court to find criminal threatening. It was the "threatening body language and mocking laughter coupled with the use of a chain saw so close to Patane's house" that placed her in fear of imminent bodily injury. While the use of a chain saw near a neighbor's house would not in and of itself give rise to a claim of criminal threatening, if it is done in a contested area of property by a person who has asked a court to resolve the property issue and is followed immediately by an "in-your-face" threatening encounter and mocking laughter while the victim is on the ground as a result of struggle, the use of the chain saw can be part of the totality of events that constitutes criminal threatening.

[¶ 14] Because we conclude that the evidence supports the court's determination that the plaintiff proved the elements of criminal threatening by a preponderance of the evidence and because the court's determination that Brown committed criminal threatening was sufficient for the issuance of the protection order, we do not reach Brown's final contention on appeal that Patane failed to prove reckless conduct.

The entry is:

Judgment affirmed. Case remanded to the District Court to determine attorney fees on appeal.