2003 ME 56

**Dwayne PRATT**

v.

**Julie SPAULDING.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 24, 2003.

Decided: April 23, 2003.

Emily A. Broadhead, Laskoff & Associates, Lewiston, for plaintiff.

E. Chris L'Hommedieu, Lewiston, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Julie Spaulding appeals from a judgment of the District Court (Lewiston, *Beliveau, J.*) finding her in contempt for her failure to comply with a parental rights order establishing a schedule for Dwayne Pratt to have contact with their son. Spaulding contends that the contempt finding is not supported by clear and convincing evidence as required by M.R. Civ. P. 66(d)(2)(D),[1] and that the

---

1. M.R. Civ. P. 66(d)(2)(D), governing hearings for contempt occurring outside the presence of the court, states:

(D) Hearing. All issues of law and fact shall be heard and determined by the court. The alleged contemnor shall have the right to be heard in defense and mitigation. In order to make a finding of contempt, the court must find by clear and convincing evidence that:

(i) the alleged contemnor has failed or refused to perform an act required or continues to do an act prohibited by a court order, and

court improperly applied a best interest of the child standard in its contempt determination. Finding no error in the court's judgment, we affirm.

## I. CASE HISTORY

[¶ 2] Dwayne Pratt and Julie Spaulding are the parents of a child, now four years old. In July 2001, the court entered an order establishing parental rights and responsibilities, including support obligations. The order reflected the parties' agreement that primary physical residence of the child would be with Spaulding, and it established a specific schedule for Pratt to have parental contact with his son at least twice a week, plus designated holidays and vacation times.

[¶ 3] Parent-child contact apparently occurred without incident between July 2001 and May 2002. According to the evidence, difficulties began on or about May 13, 2002, when Spaulding, without notice to Pratt, moved to a neighboring town to live with her boyfriend. This relocation occurred despite a provision in the parental rights order requiring that one parent give the other advance notice, preferably thirty days notice, of any relocation of the child's residence.[2] Spaulding called Pratt four days after her move to give him her new telephone number.

[¶ 4] Pratt visited with the child on the Sunday and Wednesday following the move, as provided by the court order. When Pratt called Spaulding the next Friday to arrange to have parent-child contact on Memorial Day weekend, Spaulding told him that he could not see the child. Spaulding gave no explanation as to why Pratt could not visit with his son.

[¶ 5] For approximately a month following Memorial Day weekend, Pratt made repeated attempts to call Spaulding to arrange visits, but she did not answer the phone. Pratt testified that he did not go to Spaulding's house to discuss the missed visits because he had been threatened by Spaulding's boyfriend, who lived at the residence. Spaulding's phone was disconnected on or about June 22, 2002. Pratt filed his motion for contempt and a separate motion for post-judgment relief to change primary residence on or about July 2, 2002.

[¶ 6] Pratt testified that he did not hear from Spaulding until July 19, 2002, after she received notice of the filing of the contempt motion. Spaulding then called Pratt and left a message informing him that she had a different phone number. Pratt called Spaulding the same day to schedule a visit with his son for the following weekend. Spaulding agreed and regular parent-child contact resumed.

[¶ 7] During the hearing, the court asked Spaulding why there was a lapse in contact

---

(ii) it is within the alleged contemnor's power to perform the act required or cease performance of the act prohibited.

2. See 19–A M.R.S.A. § 1653(14) (1998), establishing a mandatory notice of relocation obligation, which states:

Notice of relocation. The order must require notice of the intended relocation of a child by a parent awarded shared parental rights and responsibilities or allocated parental rights and responsibilities. At least 30 days before the intended relocation of a child by a parent, the parent shall provide notice to the other parent of the intended relocation. If the relocation must occur in fewer than 30 days, the parent who is relocating shall provide notice as soon as possible to the other parent. If the parent who is relocating believes notifying the other parent will cause danger to the relocating parent or the child, the relocating parent shall notify the court of the intended relocation, and the court shall provide appropriate notice to the other parent in a manner determined to provide safety to the relocating parent and child.

between the child and his father from mid-May to mid-July 2002. Spaulding responded, "I'm not sure myself." The court also asked Spaulding to explain what she had done to establish contact with Pratt while her phone was disconnected. Spaulding stated that Pratt had her father's phone number and she periodically checked with her father to see if Pratt had called. Spaulding also asserted that she had called Pratt and that he did not return her messages.

[¶ 8] At the close of the contempt hearing, the court indicated that it would find Spaulding in contempt and that it would order expanded visitation rights for Pratt. The court also stated that its job was "to act in the best interest of [the child]" and that the gap in contact between the father and son "obviously was against the best interest of [the child]."

[¶ 9] The court's order, issued a week after the hearing, found Spaulding in contempt, determining "by clear and convincing evidence that the Defendant failed to abide by the Family Matters Order with regard to contact between the parties' minor child ... and the Plaintiff." As authorized by 19–A M.R.S.A. § 1653(7) (1998)[3] and M.R. Civ. P. 66(d)(3), the court awarded Pratt expanded contact with his son, including a longer period of uninterrupted contact in the summer of 2003. The court imposed no fine or other sanction on Spaulding for her contempt. Spaulding brought this appeal.[4]

## II. LEGAL ANALYSIS

■ [¶ 10] We review a trial court's civil contempt order for abuse of discretion, and its underlying findings of fact for clear error. *Wrenn v. Lewis*, 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009; *State v. Richard*, 1997 ME 144, ¶ 10, 697 A.2d 410, 414. In determining if clear error has been committed in fact-finding, we review the record, and inferences that may be drawn from the record, most favorably to the trial court result. *State v. Stinson*, 2000 ME 87, ¶ 6, 751 A.2d 1011, 1013–14. *See also Acadia Ins. Co. v. Keiser Indus., Inc.*, 2002 ME 57, ¶ 14, 793 A.2d 495, 498. Where, as here, there is no request for findings of fact incident to the trial court's order, we will infer that the trial court made all the findings necessary to support its order, if those findings are supported by evidence in the record. *Lyons v. Baptist Sch. of Christian Training*, 2002 ME 137, ¶ 13, 804 A.2d 364, 369.[5]

---

3. 19–A M.R.S.A. § 1653(7) (1998) states:

**7. Violation of order concerning parental rights and responsibilities and contact.** Either parent may petition the court for a hearing on the issue of noncompliance with the order issued under subsection .2. If the court finds that a parent has violated a part of the order, the court may find that parent in contempt and may:
**A.** Require additional or more specific terms and conditions consistent with the order;
**B.** Order that additional visitation be provided for a parent to take the place of visitation that was wrongfully denied; or
**C.** Order a parent found in contempt to pay a forfeiture of at least $100.

4. The record suggests that subsequent to the contempt proceeding, Pratt may have been awarded primary physical residence of his son. Because the contempt finding may have collateral consequences and because the order governing summer 2003 contacts remains viable and subject to enforcement, this matter is not moot.

5. The pending proceeding involves a contempt after notice and hearing pursuant to M.R. Civ. P. 66(d). In summary contempt proceedings, the court is required to make explicit findings, on the record or in a written order, indicating the conduct which constituted the contempt and that such conduct occurred in the presence of the court and was seen or heard by the court. M.R. Civ. P. 66(b)(2).

[¶ 11] To support a contempt order, a court must find, by clear and convincing evidence, that the person alleged to be in contempt: (1) has failed or refused to perform an act required or continues to do an act prohibited by a court order, and (2) has the power to perform the act required or to cease performance of the act prohibited. M.R. Civ. P. 66(d)(2)(D); *see also Wrenn,* 2003 ME 29, ¶ 26, 818 A.2d at 1012.

■ [¶ 12] In this case, the evidence indicates that Spaulding explicitly refused Pratt's request for contact with his son on two days when such contact was required by court order. Subsequently, by not answering her phone, by refusing to return calls, and by having her phone disconnected, she rendered the child unavailable for contact with Pratt for approximately two months, until he brought the contempt motion. When asked by the court what explanation she might have for her conduct as defense or mitigation or to indicate inability to perform as required by the court order, Spaulding stated she was not sure herself why she had acted as she had. The court stated on the record, at the close of the hearing, that it did not find "any reasonable excuse for the disruption, phone disconnection and all that."

[¶ 13] When reviewing a sufficiency of the evidence challenge to facts that must be found by clear and convincing evidence, we examine the record to determine "whether the trial court could have reasonably been persuaded on the basis of the evidence in the record that the required factual findings were highly probable." *In re Charles G.,* 2001 ME 3, ¶ 5, 763 A.2d 1163, 1166 (internal quotation marks omitted). Here, the evidence established, essentially without serious dispute, that (1) Spaulding had obstructed and disrupted Pratt's contacts with their son, in violation of the court order, for approximately two months, and (2) Spaulding had the capacity to perform as required by court order and had no defense or excuse for not performing as required. Thus, the record supports the court's contempt finding by clear and convincing evidence.

■ [¶ 14] Spaulding also asserts that the court's references, at the close of the hearing, to contact with both parents as being in the best interest of the child somehow injected an improper consideration into the contempt proceeding. Review of the court's comments demonstrates that the court was simply stating its observation that children of separated parents are generally better off if they have contact with both parents. This observation in no way injected an improper consideration into the court's contempt findings. In its actions enforcing Pratt's rights of contact with his son, through its contempt order, the court committed no error nor did it act outside the bounds of its discretion.

The entry is:

Judgment affirmed.