ENTERED NOV 2 0 2014

STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

MAY 2 2 2014

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
DOCKET NO. RE-13-138

MGK-AND-05-22-14

SHARON L. STEVENS
AND WAYNE R. STEVENS,

   Plaintiffs,

 v.

DENNIS FERLAND,

   Respondent.

)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFFS' SPECIAL
MOTIONS TO DISMISS AND
FOR JUDGMENT ON THE PLEADINGS

I. Background

Plaintiffs Wayne and Sharon Stevens have lived next to Ferland Farm for approximately 40 years and fifteen years, respectively. Plaintiffs have brought this action for nuisance based on the allegations that Defendant, Dennis Ferland, repeatedly dumped manure in close proximity to the property. Plaintiffs allege Defendant did so without furthering any agricultural or farming purpose. Prior to filing the lawsuit, Plaintiffs made numerous complaints concerning the activities on and surrounding Defendant's farm. Defendant alleges that Plaintiff has made over 50 documented complaints, including complaints to the Office of the Governor, state legislators, the Department of Agriculture, the Department of Transportation, the Town of Poland, and Defendant's clients. Based on the complaints made by Plaintiffs, Defendant has brought counterclaims of tortious interference with a prospective economic advantage,

1

defamation, and permanent injunction. Plaintiffs now bring a Special Motion to Dismiss pursuant to 14 M.R.S. § 556 and a Motion for Partial Judgment on the Pleadings.

II.     Standard of Review

Plaintiffs have brought a Special Motion to Dismiss pursuant to Maine's Anti-SLAPP statute 15 M.R.S. § 556. An Anti-SLAPP motion "is designed to guard against meritless lawsuits brought with the intention of chilling or deterring the free exercise of the moving party's First Amendment right to petition the government by threatening would-be activists with litigation costs." Schelling v. Lindell, 2008 ME 59, ¶6, 942 A.2d 1226. In a special motion to dismiss, the moving party bears the initial burden of proving that the lawsuit was based on an activity that would qualify as an exercise of the moving party's First Amendment right to petition the government. Id. at ¶ 7 (citing 14 M.R.S. § 556). The Anti-SLAPP statute defines the right to petition as: "any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; … any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government." 14 M.R.S. § 556 (2013). Once the moving party has shown that the statute applies, the burden shifts to the non-moving party to show that at least one of the moving party's activities: "(1) was without 'reasonable factual support,' (2) was without an "arguable basis in law," and (3) resulted in "actual injury" to the plaintiff." Schelling, 2008 ME 59, ¶7.

2

Plaintiffs have also moved the court for partial judgment on the pleadings. A motion for judgment on the pleadings filed by the counterclaim-defendant tests the legal sufficiency of the counterclaim pleadings, similar to a motion pursuant to M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. See Cunningham v. Haza, 538 A.2d 265, 267 (Me. 1988) "The court resolves a defense motion for judgment on the pleadings by assuming that the factual allegations are true, examining the complaint in the light most favorable to plaintiff, and ascertaining whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." Id. (citations omitted).

III.     Discussion

A. Anti-SLAPP Special Motion to Dismiss

Plaintiffs argue that all of the activities on which Defendant has based his counterclaims of tortious interference with an economic advantage and defamation are activities Plaintiffs undertook in pursuit of their First Amendment Rights to petition the government. This includes reports made to the local police about Defendant's use of his land and trucks on the road, complaints made to the Department of Agriculture, the Department of Transportation, the Governors Office, local legislators, the town council, and clients of Defendant.

In Maietta Const., Inc. v. Wainwright, the Law Court found that writing letters to the city council and the mayor of the appropriate jurisdiction in addition to contacting local

3

newspapers and members of the press are activities taken in pursuit of an individual's right to petition the government. <u>Maietta Const., Inc. v. Wainwright</u>, 2004 ME 53, ¶ 7, 847 A.2d 1169. Therefore a lawsuit brought to quash these activities is subject to 15 M.R.S. § 556. <u>See</u> <u>Id.</u> Similar to the defendant in <u>Maietta</u>, Plaintiffs in the case at hand have made complaints to local officials. Complaints to governmental bodies are contemplated by 15 M.R.S. § 556 and are considered Plaintiffs exercising their First Amendment rights to petition the government.

Defendant argues that the court should see the sheer number of Plaintiffs complaints as harassment and therefore not the exercise of Plaintiffs rights to petition the government. Defendant cites <u>Cates v. Donahue</u> for the proposition that "even when an individual may have a legal right to do something, the manner in which a legal act is performed can constitute harassment." <u>Cates v. Donahue</u>, 2007 ME 38, ¶ 11, 916 A.2d 941. Plaintiffs have argued that they were filing complaints with governmental bodies in an attempt to use their First Amendment rights to remedy what they viewed as a problem, not in an effort to intimidate Defendant. The court finds that Plaintiffs have met the burden of showing that the complaints made were an exercise of First Amendment rights.[1]

Plaintiffs have also made complaints directly to Defendant's clients. Defendant's counterclaims for tortious interference and defamation are in part brought because of

---

[1] Whether the complaints also constitute harassment of Defendant is a question that is not currently before the court.

these statements. Directly contacting customers and business partners of Defendant were not acts meant to "convey[] the special concerns of its author to the government and, in its usual form, request[] action by the government to address those concerns." Nader v. Maine Democratic Party, 2013 ME 51, ¶ 16, 66 A.3d 571 (citing Borough of Duryea v. Guarnieri, 131 S.Ct. 2488, 2495 (2011)). The court does not find that Plaintiffs have shown that their complaints to Defendant's clients were "reasonably likely to enlist public participation in an effort to effect" governmental change. For that reason, the court denies Plaintiffs' Special Motion to Dismiss with respect to any communications between Plaintiffs and Defendant's clients.

The burden then shifts to Defendant to show "some evidence" that Plaintiffs complaints were "devoid of any reasonable factual support or any arguable basis in law, and (2) caused actual injury" to Defendant. Nader v. Maine Democratic Party, 2012 ME 57, ¶¶ 15-16, 41 A.3d 551. "[A] nonmoving party's action or claim should be allowed to proceed unless the nonmoving party... fails to make a prima facie showing that any, rather than all, of the petitioning activities by the moving parties... were devoid of any reasonable factual support or arguable basis in law." Id. at ¶ 36. The defendant's burden at this stage is relatively low, allowing a defendant to meet the burden with some showing of evidence even if it conflicts with evidence presented by the plaintiff. Id. at ¶ 15.

5

Defendant is required to show that at least one of Plaintiffs' petitioning activities meets this standard in order to defeat Plaintiffs' Special Motion to Dismiss. Id. Defendant argues that there is no arguable basis in law for Plaintiffs many complaints to the police regarding the speed of trucks traveling to and from Ferland Farm (complaints filed 1/8/2009, 1/13/2009, 2/6/2009, 9/12/2010), especially after police investigated and informed Plaintiffs that the trucks were legally in compliance. Defendant also argues that Plaintiff's June 10, 2013 police report was made in bad faith, devoid of any factual basis. On June 10, 2013, Plaintiffs called and reported that Defendant had dumped cow manure on the roadway such that it blocked visibility when driving. When Police investigated, they found that "there was only a few nuggets in the road way." (Def. Ex. 33).

Defendant argues that he has been monetarily harmed by the amount of time he has had to spend away from his farm in order to address Plaintiffs' complaints. Defendant has submitted to the court an affidavit on damages. In Defendant's affidavit he details specific instances he spent time addressing Plaintiffs' complaints instead of working and has estimated the monetary impact of that time away from his farm. The court finds that Defendant has met the burden of showing actual injury. Defendant made a showing that at least one of the activities engaged in by Plaintiffs, serving as the basis for Defendant's counterclaims, was devoid of any reasonable factual support or

6

arguable basis in law and that he was actually injured by Plaintiffs' activities. Therefore the court denies Plaintiffs' special motion to dismiss.

Defendant argues Plaintiffs' Special Motion to Dismiss is unconstitutional as applied to Defendant's counterclaim for defamation. Because the court has denied Plaintiff's Special Motion to Dismiss, the court does not reach this issue.

B. Tortious Interference with a Prospective Economic Advantage

Plaintiffs move the court for Judgment on the Pleadings with respect to Defendant's claim of tortious interference with a prospective economic advantage for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). "Tortious interference with a prospective economic advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." Rutland v. Mullen, 2002 ME 98, 798 A.2d 1104, 1110.

Defendant asserts that Plaintiffs' complaints interfered with contracts he holds with clients. Defendant alleges that by making numerous phone calls to the police in order to have the police investigate trucks driving to and from Defendant's farm to fulfill these contracts, and by directly complaining to parties Defendant contracts with, Plaintiffs have used intimidation to interfere with Defendant's business. Defendant avers that the drivers of trucks of companies complained to by Plaintiffs have called and complained

7

to Defendant. Defendant further argues that he was forced to sell a piece of his property as a result of Plaintiffs complaints. The court finds that Defendant has pled all elements of tortious interference with a prospective economic advantage, and therefore has stated a claim upon which relief may be granted. Plaintiffs' Motion for Judgment on the Pleadings with respect to Defendant's counterclaim of tortious interference with a prospective economic advantage is denied.

C. Defamation

Plaintiffs move the court for Partial Judgment on the Pleadings with respect to Defendant's counterclaim of defamation. Common law defamation consists of:

(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
(c) fault amounting at least to negligence on the part of the publisher; and
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Lester v. Powers, 596 A.2d 65, 69 (Me. 1991) (citing Restatement (Second) of Torts § 558 (1977)). Defendant asserts that many of the listed statements made to the police, public agencies, Defendant's clients, and others were both false and defamatory. Defendant asserts that Plaintiffs made the statements maliciously. Further, Defendant pleads special harm to his professional reputation as well as monetary damages in the form of time spent away from work resulting in lost profits. Viewing the facts presented in the counterclaim pleadings as true, Defendant has made out a *prima facie* case of

8

defamation. The court denies Plaintiffs' Motion for Partial Judgment on the Pleadings with respect to Defendant's claim of defamation.

D. Permanent Injunction

Finally, Plaintiffs move the Court for Judgment on the Pleadings with respect to Defendant's plea for injunctive relief. Defendant counterclaims for a permanent injunction prohibiting Plaintiffs from further bad faith statements regarding Defendant's use of his land and from interference with Defendant's future use of his land.

> The party seeking a permanent injunction, as with a preliminary injunction, must show that: (1) the party would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm that granting injunctive relief would inflict on the party opposing the injunction; (3) the public interest will not be adversely affected by granting the injunction; and (4) the [moving party] succeeds on the merits.

Windham Land Trust v. Jeffords, 2009 ME 29, ¶ 41, 967 A.2d 690. A party seeking a permanent injunction must be able to show that he is more likely than not to succeed on the merits. Id. The Counterclaim pleading does not specifically refer to which claim Defendant intends to show is more likely than not to succeed on the merits in order to obtain injunctive relief. The pleading states "Defendant/Counterclaimant is more than likely to succeed on the merits of its claims with respect to his rights to use his land." The court interprets Defendant's counterclaim for injunctive relief as a demand for relief to be applied to Defendant's claims of tortious interference with a prospective economic advantage and defamation. Because the court does not view Defendant's plea

9

for injunctive relief as a separate claim, the court neither grants nor denies Plaintiff's Motion for Judgment on the Pleadings with respect to Defendant's demand for permanent injunction.

IV.    Conclusion

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this order into the docket by reference and the entry is:

The court DENIES Plaintiffs' Special Motion to Dismiss.

The court DENIES Plaintiff's Motion for Judgment on the Pleadings.

DATE: 5/22/14

_____
MaryGay Kennedy
Justice, Superior Court

10

SHARON STEVENS  - PLAINTIFF

Attorney for: SHARON STEVENS
ILLIAM C HERBERT III - RETAINED 10/03/2013
ISAACSON & RAYMOND
75 PARK STREET
PO BOX 891
LEWISTON ME 04243-0891


WAYNE STEVENS  - PLAINTIFF

Attorney for: WAYNE STEVENS
WILLIAM C HERBERT III - RETAINED 10/03/2013
ISAACSON & RAYMOND
75 PARK STREET
PO BOX 891
LEWISTON ME 04243-0891


vs
DENNIS FERLAND  - DEFENDANT

Attorney for: DENNIS FERLAND
JOHN CONWAY  - RETAINED 11/04/2013
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190


Attorney for: DENNIS FERLAND
PAUL DOUGLASS  - RETAINED 10/24/2013
PAUL S DOUGLASS PA
471 MAIN STREET
PO BOX 1346
LEWISTON ME 04243-1346


Filing Document: COMPLAINT                    Minor Case Type: NUISANCE
Filing Date: 10/03/2013

## Docket Events:
10/03/2013 FILING DOCUMENT - COMPLAINT FILED ON 10/03/2013

10/03/2013 Party(s):  SHARON STEVENS
        ATTORNEY - RETAINED ENTERED ON 10/03/2013
        Plaintiff's Attorney: WILLIAM C HERBERT III

        Party(s):  WAYNE STEVENS
        ATTORNEY - RETAINED ENTERED ON 10/03/2013
        Plaintiff's Attorney: WILLIAM C HERBERT III

10/16/2013 Party(s):  DENNIS FERLAND
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/07/2013
        DENNIS FERLAND

1    /2013 Party(s):  DENNIS FERLAND