MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 53
Docket:       Wal-18-267
Submitted
  On Briefs:  January 17, 2019
Decided:      April 11, 2019

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:     ALEXANDER, MEAD, JABAR, and HUMPHREY, JJ.
Dissent:      GORMAN and HJELM, JJ.

LAURIE ALLEN

v.

MARK RAE

HUMPHREY, J.

[¶1]  Mark Rae appeals from a protection from harassment order entered against him in the District Court (Belfast, *Sparaco, D.C.J.*) on the complaint of Laurie Allen.  *See* 5 M.R.S. §§ 4652, 4655(1) (2018).  Rae contends that the court erred in finding that he had committed "[t]hree or more acts" of harassment pursuant to 5 M.R.S. § 4651(2)(A) (2018).  Although we agree that there were not three or more acts of harassment, we affirm the judgment because the facts as found by the court are sufficient to prove that Rae's actions constituted

2

criminal mischief, which can stand alone as a "single act" of harassment. *See* 5 M.R.S. § 4651(2)(C) (2018);[1] 17-A M.R.S. § 806(1)(A) (2018).

## I. BACKGROUND

[¶2] A trust controlled by Rae's family purchased property abutting Allen's home in Belfast. Thereafter, a boundary dispute arose between Rae and Allen. Both parties claim to own a strip of land approximately twenty-feet wide situated between Allen's yard and what is now a garage on the trust's property. Despite attempts to resolve the dispute, including numerous visits from local law enforcement, the strip of land remained, at the time of the hearing, a source of considerable tension between the parties.

[¶3] On April 24, 2018, Allen filed for a protection from harassment order pursuant to 5 M.R.S. § 4652, alleging that Rae had harassed her. On May 14, 2018, the court held a contested hearing and heard testimony from both parties. The court found that Allen's testimony was credible and that Rae's testimony was "not particularly credible."

[¶4] Allen testified that she parked her boat trailer on the disputed strip of land to guard against what she believed was Rae's unlawful claim to the

---

[1] Title 5 M.R.S. §§ 4651, 4653 were amended during the pendency of this case, though not in any way that affects the present appeal. *See* P.L. 2017, ch. 455, §§ 1-2 (effective Dec. 13, 2018) (codified at 5 M.R.S. §§ 4651(2)(C), 4653(1)(B) (2018)).

property. Rae testified that he asked Allen to remove the boat multiple times so he could more conveniently move construction equipment onto his property; when Allen refused, Rae responded by saying, "if [the boat is] not gone by Sunday, I will move it for you." When Rae attempted to move the boat, he discovered that Allen had placed a boot lock on one of the tires of the boat trailer, rendering it immobile. Allen testified that she personally observed Rae "cut" and "slice" the valve stem off the boat trailer's tire. Rae denied cutting the valve stem but admitted he attempted to move the boat trailer.

[¶5] The court found, based on Allen's testimony, that Rae committed an act of "fear and intimidation" by cutting off a tire valve stem on Allen's boat trailer, which Allen parked in the disputed area, and that Rae did it "to be . . . mean and harass [Allen] because of this dispute."[2]

[¶6] After the hearing, the District Court entered an order of protection from harassment in favor of Allen and against Rae for one year. *See* 5 M.R.S. § 4655(1), (2). The court made clear that it was not resolving the ownership of the disputed property or determining the boundary lines of the properties. Rae

---

[2] The court also found that Rae "[drove] across the corner [of either the disputed area or the trust's property]" in a manner intended to be "intimidating" to Allen, and "unnecessarily plow[ed] snow towards [Allen's] house." However, because the court did not find that these actions by Rae "in fact cause[d] fear, intimidation or damage to personal property," they are not acts of harassment within the meaning of 5 M.R.S. § 4651(2)(A). In addition, the court found that Rae "scrape[d] and damage[d]" Allen's boat; however, the record does not support this finding.

4

filed a motion for additional findings of fact and conclusions of law and a motion to amend the judgment; both motions were summarily denied. Rae timely appealed.

## II. DISCUSSION

[¶7] "We review the trial court's findings of fact for clear error and will affirm those findings if there is competent evidence in the record to support them, even if the evidence might support alternative findings of fact." *Preston v. Tracy*, 2008 ME 34, ¶ 10, 942 A.2d 718 (quotation marks omitted). This deferential standard is "particularly appropriate" in actions for protection orders, "where the trial court's ability to observe the witnesses invariably plays a part in its assessment of the impact a particular person's words and actions had upon another person." *Smith v. Hawthorne*, 2002 ME 149, ¶ 16, 804 A.2d 1133. Although on appeal we cannot infer findings from the evidence in cases where, as here, a motion for further findings is denied, *Douglas v. Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965, the fact-finder may nevertheless have drawn reasonable inferences from circumstantial evidence presented at trial, such as whether the accused intended to harass, intimidate, or cause fear. *See Cates v. Donahue,* 2007 ME 38, ¶ 15, 916 A.2d 941.

[¶8]  A court is authorized to grant a protection from harassment order based upon "a single act . . . constituting a violation" of certain enumerated criminal offenses, including criminal mischief.  5 M.R.S. § 4651(2)(C); 17-A M.R.S. § 806.  A person commits criminal mischief when he intentionally, knowingly, or recklessly damages, destroys, or tampers with the property of another "having no reasonable grounds to believe [he] has a right to do so." 17-A M.R.S. § 806(1)(A).  In a protection from harassment proceeding, a court need only find that a person committed one of the enumerated statutory offenses by a preponderance of the evidence to make a finding of harassment under section 4651(2)(C).  *See Patane v. Brown,* 2002 ME 47, ¶¶ 11, 14, 792 A.2d 1086.

[¶9]  The court's findings, based on competent evidence in the record, are sufficient to establish the elements of criminal mischief.   17-A M.R.S. § 806(1)(A).  Allen testified that she personally observed Rae "slice[] the valve off" and "cut it off to try and get the tire to go down so he could get the boot lock off."  Although Rae denied damaging Allen's boat or attempting to cut the valve stem, he admitted that he attempted to move the boat but was unable to do so because of the boot lock.  The court specifically found Allen's testimony credible and Rae's testimony not credible.  Because a trial court is not bound to accept

6

testimony and evidence as fact, and because determinations of the weight and credibility of testimony and evidence are "squarely in the province of the fact-finder," we will not second-guess the trial court's credibility assessment of conflicting testimony. *Sloan v. Christianson*, 2012 ME 72, ¶ 33, 43 A.3d 978. The court's finding is sufficient to establish that Rae damaged, destroyed, or tampered with Allen's property. 17-A M.R.S. § 806(1)(A).

[¶10] The court also found, again based on the record evidence, that Rae cut the valve stem to "try to resolve" the property dispute "through fear and intimidation" and to be "mean and harass [Allen] because of [the] dispute" over the property, establishing that Rae committed this act intentionally or knowingly. *Id.*

[¶11] Finally, Rae contends that, even if he damaged the boat while trying to remove it, he had "reasonable grounds to believe that [he] ha[d] the right to do so" because his actions in trying to stop what he believed was an ongoing criminal trespass by Allen against his property were "protected by law."[3] 17-A M.R.S. § 806(1)(A); 5 M.R.S. § 4651(2). Whether Rae harassed

---

[3] Rae's assertion that, pursuant to 17-A M.R.S. § 104(1) (2018), he was justified in attempting to remove Allen's boat to terminate a criminal trespass by Allen is unavailing, for two reasons. First, Rae's reliance on section 104(1) is misplaced. Section 104(1) is a defense to criminal prosecution that refers to use of force "upon another *person* . . . to prevent or terminate . . . a criminal trespass by such *person*," *id.* (emphasis added), and does not serve as a blanket defense when a person damages the personal property of another while trying to remove the property from a disputed area. *See, e.g.,*

Allen does not turn on whether Rae had the right to remove Allen's boat from the property that he claims the trust owns, but rather on *the manner* in which he attempted to remove it. "[E]ven when an individual may have a legal right to do something, the manner in which a legal act is performed can constitute harassment." *Cates,* 2007 ME 38, ¶ 11, 916 A.2d 941; *see also Patane,* 2002 ME 47, ¶ 10, 792 A.2d 1086.

[¶12]   Regardless of whether Rae had a valid property interest in the disputed strip of land,[4] either personally or through the trust, his act of cutting the valve stem in an effort to remove the boat from the property qualifies as a single act of criminal mischief that constitutes an act of harassment. 17-A M.R.S. § 806(1)(A); 5 M.R.S. § 4651(2)(C). This dispute should have been resolved by a reasonable and rational conversation between Rae and Allen or by Rae

---

*State v. French*, 2018 ME 21, ¶ 9, 179 A.3d 303; *State v. Neild*, 2006 ME 91, ¶¶ 12-13, 903 A.2d 339; *State v. Dyer*, 2001 ME 62, ¶ 11, 769 A.2d 873.

Second, ownership of the land on which the boat was located was in dispute, and the court made clear that it was not resolving the boundary dispute. Even to the extent that Rae believed that he was licensed or privileged to act on behalf of the trust to defend the disputed area, the court was well within the bounds of its discretion to disregard a 2016 survey that Rae referenced—but did not produce—that purported to demonstrate that the trust owned the disputed property and conclude that Rae's testimony about the location of the boundary line was "not particularly credible." *See Sloan v. Christianson*, 2012 ME 72, ¶ 33, 43 A.3d 978.

[4] We express no opinion on the ownership of the disputed strip of land.

8

seeking a declaratory judgment or other court-ordered remedy to establish title and ownership to the disputed strip of land.

The entry is:

Judgment affirmed.

---

HJELM, J., with whom GORMAN, J., joins, dissenting.

[¶13]  I agree with the Court's conclusion that the evidence presented at trial is sufficient to support a finding that Mark Rae had engaged in an act against Laurie Allen that rises to the level of "harassment," as the Legislature has defined that term, *see* 5 M.R.S. § 4651(2)(C) (2018).  I also agree with the Court's conclusion that the evidence does not support the trial court's finding that Rae engaged in two additional acts of harassment.  *See* 5 M.R.S. § 4651(2)(A) (2018).  Although the trial court *could* have granted judgment for Allen and issued an order of protection from harassment against Rae on the basis of the single act of harassment, that is not why the court issued the order. For that reason, I respectfully dissent and would remand for the court to reconsider whether the order should issue based on the one act of harassment—namely, damaging a tire valve—that Allen proved at trial.

[¶14] Maine's statutes governing actions for protection from harassment vest the trial court with discretion in determining whether to issue a harassment order once harassment is proven. Pursuant to those statutes, if, after holding a hearing on the complaint for protection from harassment, the court finds that the plaintiff has proved that the defendant committed the harassment alleged, the court "may" issue a protection order. 5 M.R.S. §§ 4654(1), 4655(1) (2018). This plain language calls for the court to exercise its sound discretion in determining whether to issue a harassment order in those actions where the party seeking such an order has proved her case. *See Fitzpatrick v. McCrary*, 2018 ME 48, ¶ 16, 182 A.3d 737 (noting that, in general, the word "may" used in a statute is permissive and discretionary).

[¶15] Particularly in the context of harassment proceedings, such a grant of discretionary authority to the court is eminently sensible, and the exercise of that discretion is important. As defined by the Legislature, "harassment" can take many shapes across a broad continuum, from acts of violence against a person that would constitute some of the most serious forms of criminal conduct, to acts that result in minor property damage. *See* 5 M.R.S. § 4651(2). Yet any harassment order, which can be effective for one year, 5 M.R.S. § 4655(2) (2018), can impose significant restrictions on the defendant. The

order may enjoin the defendant from having contact with certain persons or being present at certain locations; the order may award damages and attorney fees; and the order in fact may provide anything else "determined necessary or appropriate in the discretion of the court." 5 M.R.S. § 4655(1). Once the court issues a harassment order, a violation of some types of its provisions is a Class D crime, which can draw nearly one year in jail. *See* 5 M.R.S. § 4659(1) (2018); 17-A M.R.S. § 1252(2)(D) (2018) (stating the maximum jail term for a Class D crime).

[¶16] For these reasons, the trial court must be entrusted with making sound and careful determinations, tailored to the unique circumstances of each case, about whether and in what way it is appropriate to intervene through the imposition of judicial relief. That discretion may be properly exercised only by the trial judge, who is in the position to listen first-hand to the witnesses and watch them as they testify, and who can acquire an appreciation for the very human dynamics that are central to a harassment proceeding. As the Court points out, *see* Court's Opinion ¶ 7, we have said as much in the context of protection from abuse cases, where the court also is given the same discretion in determining whether to issue a protective order. *See* 19-A M.R.S. § 4007(1) (2018) (stating that "[t]he court, after a hearing and upon finding that the

defendant has committed the alleged abuse or engaged in the alleged conduct . . . *may* grant a protective order" (emphasis added)).  We have said,

> the trial court's ability to observe the witnesses invariably plays a part in its assessment of the impact a particular person's words and actions had upon another person.  Appellate review is naturally limited by the written record's inability to fully convey each witness's appearance, body language, stature, speech patterns, degree of eye contact, and numerous other nonverbal cues.

*Smith v. Hawthorne*, 2002 ME 149, ¶ 16, 804 A.2d 1133.

[¶17]  Here, the court found that Rae had committed three acts of harassment against Allen and determined, on *that* basis, that it was appropriate to issue an order for protection from harassment against him.  In fact, two of the grounds underlying the court's decision to issue the order are not supported by the record.  This leaves only one act of "harassment," *see* 5 M.R.S. § 4651(2)(C)—namely, when Rae cut a valve stem off a wheel on Allen's boat trailer she had parked on the disputed strip of land.  The Court is willing to affirm the issuance of the harassment order against Rae based on this limited aspect of the record.  But for the reason I have discussed, such a result would not obtain as a matter of law, and beyond that, it is impossible for us to know whether, in exercising its discretion, the trial court would have issued a protective order based on the one remaining ground.

12

[¶18]  *If* the court had found only that Rae harassed Allen by cutting off the tire valve stem, and *if* the court had then issued a harassment order on that limited basis, my analysis would be very different and I would agree with the Court's conclusion that the judgment should be affirmed.  But to affirm the judgment here, we would be required to speculate that the court would have issued a harassment order against Rae based on the one instance of limited property damage.  Rather than engaging in that speculation, I would vacate the judgment and remand for the court to determine whether, pursuant to section 4655(1), an order for protection from harassment should be issued based on the one episode of harassment that Allen proved at trial.

[¶19]  It may be that, on a remand, the court nonetheless would issue the order even on that more limited ground.  Or maybe not.  That is not a principled determination we can make on our record, and the Court's decision to affirm the issuance of the harassment order based on a very different predicate than the trial court used constitutes an intrusion into the discretion that is the trial court's—and not ours—to exercise.

Joseph W. Baiungo, Esq., Belfast, for appellant Mark Rae

Laurie Allen did not file a brief

Belfast District Court docket number PA-2018-58
FOR CLERK REFERENCE ONLY