1999 ME 44

**Eugene L. PUTNAM**

v.

**Gail ALBEE et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs Feb. 10, 1999.

Decided March 4, 1999.

Eugene L. Putnam, Hampden, for plaintiff.

Robert C. Treworgy, Treworgy & Baldacci, Bangor, for defendant Gail Albee.

Marvin H. Glazier, Vafiades, Brountas & Kominsky, Bangor, for defendant Terry Burke.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Eugene L. Putnam appeals from a 1995 judgment entered in the Superior Court (Penobscot County, *Pierson, J.*) awarding him $3,100 for surveying 40 acres of land owned by Gail Albee, and from a 1998 judgment (*Pierson, J.*) denying Putnam's motion for a new trial. We affirm the judgments.

## I. Background

[¶ 2] In 1987, Putnam was engaged to survey approximately 40 acres of land owned by Albee in Prospect, Maine. Although Putnam had estimated the job at no more than $3,200, he ultimately billed Albee $8,791.12 for services rendered. When Albee refused to pay, Putnam filed an action in the District Court, later removed to Superior Court, seeking recovery for breach of contract and, in the alternative, seeking recovery of payment for services rendered.[1] After a bench trial, the court found, in a written decision dated May 31, 1995, that "no hourly rate was discussed, no firm contract price was agreed to prior to commencement of the surveying work, and ... the parties had not reached a contractual agreement for services to be rendered prior to [Putnam] commencing work." Therefore, the court granted judgment in favor of the defendants on count I.

[¶ 3] The court then considered the value of Putnam's services pursuant to his *quantum meruit* claim and awarded Putnam $3,100 contingent upon his providing Albee with a copy of all work and records done on her behalf, including a properly certified boundary description as required by the rules of the Board of Licensure for Professional Land Surveyors.

[¶ 4] Putnam filed a timely appeal. When he sought to construct a record for appeal, he encountered a delay because the court reporter was on maternity leave.[2] He ordered a transcript of the trial and paid the court reporter a deposit of $300. By April of 1996, the court reporter still had not completed the transcript in this matter and several other pending appeals. Therefore, on April 10, 1996, the Chief Justice signed orders in each case directing her to file the transcripts by designated dates. The order required the court reporter to complete the transcript for Eugene Putnam v. Gail Albee by no later than 4:00 p.m., on June 19, 1996, and that "*[a]ny party to the above named case may enforce this Order by filing a motion for order to show cause in the trial court ....*" The Clerk of the Law Court notified Putnam that the Chief Justice had issued the order authorizing the parties to file motions to show cause, and that substitute court reporters would only be used in criminal cases. The Clerk also advised Putnam to "*take appropriate steps to protect your interests.*" Putnam, however, never filed a motion to show cause. He was eventually advised that the transcript would be provided to him upon a final payment of $187.50 but declined to make that payment unless he was provided the transcript in advance. The court reporter did not release the transcript to him. Putnam took no further action to secure the transcript of the proceedings.

[¶ 5] On April 9, 1998, Putnam filed a motion for a new trial, pursuant to M.R. Civ. P. 59 and 60, alleging *inter alia* that the court reporter failed to provide him with a

1. The complaint named both Albee and Terry Burke, a real estate agent who engaged Putnam on behalf of Albee, as defendants and contained four counts. Counts III and IV alleged that Burke was responsible for Putnam's loss either for breach of contract or in equity. At the conclusion of Putnam's case, the court dismissed Burke as a defendant, dismissed counts III and IV, and construed count II as a claim sounding in *quantum meruit*. See *Paffhausen v. Balano*, 1998 ME 47, ¶ 8, 708 A.2d 269.

2. The court reporter did not return to employment with the court after her maternity leave but did eventually complete other transcripts as ordered by the court.

transcript of the trial.[3] The court denied Putnam's motion for a new trial under Rule 59 as untimely and under Rule 60 as "untimely and without grounds for relief." Putnam appealed the denial and that appeal was consolidated with the appeal from the original judgment. The consolidation order provided that if "no transcript has been filed with the Clerk of the Law Court by 4:00 p.m. on Tuesday, September 22, 1998, this case will proceed without transcript . . . ." Putnam failed to file a transcript.

## II. Discussion

### A. Motion for New Trial

[¶ 6] Putnam contends that the court erred by denying his motion for a new trial, pursuant to M.R. Civ. P. 59 or 60. We review motions for a new trial made pursuant to either Rule 59 or 60 for an abuse of discretion. *See Madore v. Maine Land Use Regulation Comm'n,* 1998 ME 178, ¶ 15, 715 A.2d 157.

[¶ 7] The trial court correctly determined that Putnam's Rule 59 motion was untimely. Rule 59 specifically requires that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment." M.R. Civ. P. 59(b). Putnam filed his motion almost three years after judgment was entered against him. Although Rule 59(f) may permit a motion for a new trial to be filed later when a transcript cannot be obtained because of a court reporter's death or disability, *see* M.R. Civ. P. 59(f); *see generally State v. Heald,* 322 A.2d 68, 70–71 (Me.1974), Putnam's inability to obtain the transcript did not result from the court reporter's death or disability, rather it resulted from his dispute over payment and failure to pursue the remedies allowed him by the Court. Accordingly, the court did not abuse its discretion by determining that Putnam's Rule 59 motion was untimely.

[¶ 8] Putnam also contends that the court reporter's failure to provide him with a transcript necessitates a new trial pursuant to Rule 60(b). Although not specifically alleged, because the motion was filed three years after the judgment was entered, the motion is properly termed a Rule 60(b)(6) motion.[4] Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b)(6). We have recognized that the inability of a party to obtain a transcript may be a proper basis for vacating a judgment. *See generally State v. Dickinson,* 662 A.2d 202, 204 (Me.1995). Such relief, however, will only be appropriate when the appellant has diligently pursued his rights. Rule 60(b) "presupposes that a party has performed [his] duty to take legal steps to protect [his] own interest. . . ." *Calaska Partners, L.P. v. Dahl,* 676 A.2d 498, 501 (Me.1996) (internal quotations omitted). Rule 74A(b) explicitly requires the party ordering the transcript to "exercise due diligence to assure [the transcript's] timely filing." M.R. Civ. P. 74A(b).

[¶ 9] Despite assistance from both the Court and the Clerk, Putnam failed to protect his rights by paying the final amount due or filing a motion for an order to show cause. In determining that he may not remedy that error by seeking a new trial, the Superior Court did not exceed the bounds of its discretion.

### B. Appeal From the Award of Damages

[¶ 10] The actual focus of Putnam's appeal is the trial court's assessment of damages on his *quantum meruit* claim. Putnam asserts that the court should have awarded him the entire amount billed to Albee.[5] Because the assessment of damages

---

**3.** Putnam asserts multiple other reasons for seeking a new trial, including the trial court's alleged error in crediting the testimony of the defendant's expert rather than Putnam. To the extent those arguments were appropriate in the context of a motion for a new trial, they are untimely.

**4.** Rule 60(b)(1), (2), and (3) must be made "not more than one year after the judgment, order, or

proceeding was entered or taken." M.R. Civ. P. 60(b). Moreover, Rule 60(a), 60(b)(4), and 60(b)(5) are inapplicable to the present factual scenario.

**5.** In determining the value of the services rendered, the court found that, although Putnam's

is a factual determination, we will not disturb a damage award unless there is no basis in the record to support it. *See VanVoorhees v. Dodge,* 679 A.2d 1077, 1081 (Me.1996). Putnam had the responsibility for providing the Court with a record adequate for appellate review. *See Daicy v. Warren,* 600 A.2d 406, 407 (Me.1991). When an appellant has failed to provide a transcript of the proceedings below, we must assume that the record would support the trial court's findings and evidentiary rulings. *See Lamb v. Euclid Ambler Assocs.,* 563 A.2d 365, 367 (Me.1989) (citing *Baker v. Baker,* 444 A.2d 982, 984 (Me.1982)). We therefore affirm the judgment.[6]

The entry is

Judgments affirmed.

accuracy was acceptable and his hourly rate was fair, his methodology was "archaic and extremely inefficient and time-consuming."

**6.** Putnam also asks us to determine whether he has complied with the condition established by the trial court precedent to his receipt of the $3,100 awarded in the original judgment, and to determine what interest he is due on the judgment. We leave those determinations to the sound discretion of the trial court.