STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. AP-99-31

FILED AND ENTERED
SUPERIOR COURT

FEB 10 2000

PENOBSCOT COUNTY

John Lorenz,
    Appellee/Plaintiff    )

v.    )   **ORDER ON MOTION TO DISMISS;**
    )   **ORDER ON APPEAL**
    )

Timothy Kilroy,
    Appellant/Defendant    )

Pending before the court are the appellee's motion to dismiss the appeal, and the appeal itself. A hearing on the former was held on February 9, 2000. Both parties appeared pro se. Based on their agreement, the hearing encompassed the merits of the appeal.

The motion to dismiss is denied. While the appellee contends in a general way that the appellant failed to comply with the time requirements attendant to an appeal, a review of the record reveals that, in fact, the appellant has pursued all matters relating to this appeal in a timely way. The trial was not recorded electronically, and the appellant has failed to provide a statement in lieu of a transcript pursuant to M.R.Sm.Cl.P 11(d)(3) and M.R.Civ.P. 76F(c). Although that failure (as it does here) may generate difficulties in establishing that the trial court committed error, it is not grounds for dismissal of the appeal.

The appellee has not filed a brief on this appeal. He further elected not to argue the merits of the appeal at the February 9 hearing. This,

1

however, does not preclude the court from considering those merits.

In this small claims action, the appellee brought suit for services rendered in his capacity as guardian ad litem. Hearing in this matter was held, and the parties subsequently supplemented the evidentiary record. The court entered judgment for the appellee. The court did not make specific findings of fact or conclusions of law, and neither party requested findings or conclusions. This court thus assumes that the trial court found for the appellee on all factual issues necessarily involved in its decision. *See Estate of Saliba*, 682 A.2d 224, 226 (Me. 1996).

The appellant challenges the appellee's charges, arguing that there are inconsistencies, unexplained entries, unsupported charges and inclusion of professional services for which he should not be liable. These arguments all relate to the factual basis underlying the trial court's judgment. A party on appeal who challenges factual determinations made at trial has the responsibility of providing the appellate court with a record adequate for appellate review. "When an appellant has failed to provide a transcript of the proceedings below, [the appellate court] must assume that the record would support the trial court's findings and evidentiary rulings." *Putnam v. Albee*, 1999 ME 44, ¶ 10, 726 A.2d 217, 219-220. Here, there is neither a transcript or its substitute, a statement in lieu of transcript submitted pursuant to rule 76F(c). Thus, due to the state of the record on appeal, the appellant cannot demonstrate that the evidence was insufficient to support the judgment.

At oral argument, the appellant said that the trial court's judgment was "clouded" because the presiding judge previously had ordered that the appellee serve as the guardian ad litem in the underlying divorce proceeding. The appellee's work in the domestic relations case gave rise to

his suit here. This court takes this comment as a suggestion that the trial court should have recused from the small claims action. The record does not reflect that the appellant moved for disqualification below. He has therefore waived this argument on appeal.

The entry will be:

For the reasons set out in the order dated February 10, 2000, the motion to dismiss the appeal is denied, and the appeal itself is denied. This case is remanded to the District Court.

Dated: February 10, 2000

_____
JUSTICE, SUPERIOR COURT

Date Filed __7/8/99__ ___PENOBSCOT___ Docket No. ___AP-99-31___

County

Action __SMALL CLAIMS APPEAL__

Assigned to Justice Jeffrey L. Hjelm

DONALD L. GARBRECHT
LAW LIBRARY

MAR 6 2000

JOHN R. LORENZ, PHD.          vs.          TIMOTHY KILROY          Appellant

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John R. Lorenz, PhD.   Pro se<br>82 Columbia Street, #301<br>Bangor, ME 04401 | Timothy Kilroy   Pro se<br>23 Longmeadow Drive<br>Brewer ME 04412<br><br>Timothy Kilroy - 2/9/00<br>105 Estes Road, Rochester NH 03867 |

| Date of Entry | |
|---|---|
| 7/8/99 | Appeal from Bangor District Court, Dockt No. BAN-99-sc-80.  The following papers were received and filed:<br>1.  Statement of Claim (Small Claims)<br>2.  Notice of Small Claims Hearing<br>3.  Mediation Report<br>4.  Order (Russell, J.)<br>5.  Exhibits<br>6.  Account for Defendant's Share of Guardian Ad Litem's Services<br>7.  Letter (5/7/99) from Timothy W. Kilroy with attachments<br>8.  Notice of Judgment (Small Claims)<br>9.  Notice of Appeal (Small Claims)<br>10.  Attested Copy of District Court Docket Entries |
| 7/9/99 | Notice and Briefing Schedule form forwarded to parties of record. |
| 8/13/99 | Appellant/Defendant Timothy Kilroy Brief filed, pro se. |
| 10/13/99 | Motion to Dismiss Appeal filed by Plaintiff. |
| 10/26/99 | Objection to Motion to Dismiss Appeal filed by Defendant, pro se. |
| 12/7/99 | Pursuant to Administrative Order, Single Justice Assignment of Civil cases, Docket No. SJC-323 effective January 1, 2000, this case assigned to Justice Jeffrey L. Hjelm.  Copy forwarded to attorneys and pro se parties of record. |
| 1/7/00 | Pro se parties of record notified of hearing on Motion to Dismiss Appeal filed 10/14/99, scheduled for February 9, 2000, at 10:30 a.m. before Jeffrey L. Hjelm. |
| 2/9/00 | Hearing on Motion to Dismiss Appeal not had.   Oral Argument on the Appeal held by agreement of the parties.  Jeffrey L. Hjelm, Justice; Carolyn Choquet, Courtroom Clerk; Electornic Recording Tape #581 (1320 - 1720) After hearing, matter taken under advisement; Justice Hjelm has file. |