STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. AP-00-22

*JLH-PEN- 2/2/01*

FILED AND ENTERED
SUPERIOR COURT

FEB 0 2 2001

PENOBSCOT COUNTY

The Housing Authority of
    the City of Bangor,

    Plaintiff/Appellant

v.

**ORDER ON APPEAL**

Tammy Bush,

    Defendant/Appellee

The plaintiff appeals from a judgment entered in the District Court (Bangor, Russell, J.) in favor of the defendant in an action for forcible entry and detainer. On this appeal, the plaintiff contends that the court erred in concluding that any violations of the parties' residential lease agreement were not sufficient to terminate the tenancy.

The court issued a set of findings of fact and conclusions of law in support of its judgment. On this appeal, the plaintiff has not provided a copy of the trial transcript as part of the record. Thus, as both parties acknowledge, the question here is whether, as a matter of law, the facts <u>as found by the trial court</u> compelled it to find that the tenancy was terminated.

The plaintiff claimed that the defendant violated three separate provisions of the lease agreement. The lease authorizes the plaintiff to terminate the lease "for Tenant's serious or repeated violation of the

1

provisions of this lease." Thus, the issue presented here is whether the court erred as a matter of law in concluding that the defendant's breaches did not amount to a "serious or repeated" breach of her covenants under the lease. Enforcement of the forfeiture or termination provisions of a lease is not favored, and those terms are thus construed "strictly" against the party seeking their enforcement. See Rubin v. Josephson, 478 A.2d 665, 669 (Me. 1984).

Section IV(d) of the lease prohibits the tenant from allowing guests or visitors to stay in the rented premises for more than fourteen days during a twelve month period "or for such other period or periods of time, which would constitute permanent or semi-permanent residence," without the plaintiff's permission. The court found that Seth Koren[1] "spent more than 14 nights at defendant's home in those three months," starting in early September 1999. The court also found that Koren "made her [the defendant's] home his residence for a substantial portion of the three months beginning in early September, 1999." The court found that this constituted a violation of section IV(d) but that the violation was neither serious (because there was no evidence of expense, damage or other prejudice to the plaintiff) nor repeated, within the meaning of the lease's termination provision. Without further elaboration on or quantification of the extent to which the visitor stayed at the defendant's apartment, this court is unable to conclude that the trial court was compelled to find that those circumstances were serious or repeated.

The plaintiff next contends that, as a matter of law, the lease was subject to termination because the defendant violated section IV(m), which

---

[1] Koren is not identified in the lease as the tenant or a household member.

2

required the tenant to reimburse the plaintiff for damage caused to its property by the tenant or her guests. The trial court found that the reference to this provision found in the notice to quit was a typographical error and that the plaintiff intended to declare a forfeiture on the basis of section IV(n), which obligates the tenant to respect other tenants' rights of quiet peace and enjoyment of their residences. In its brief on appeal, the plaintiff expressly waived any challenge to the court's conclusion that the notice of termination must be construed strictly and that, in fact, the notice could not be construed to allege a violation of section IV(n).[2] The court found that Koren did not damage the leased premises, which would have been a violation of section IV(m). Therefore, the limited record on this appeal does not compel the conclusion that the provisions of section IV(m) required a termination of the tenancy.

Finally, the plaintiff argues that the defendant violated section IV(o) of the lease agreement and that this violation required the court to terminate her tenancy. The trial court considered two aspects of section IV(o). First, it did not find grounds for termination from a single episode when Koren became intoxicated and "disturbed the neighborhood." When the defendant became aware of those circumstances, she took him into her home. The court's findings do not establish that, at the time of that particular incident, Koren was the defendant's guest or visitor. Accordingly, the court was not compelled to find that she would suffer the consequences of his conduct. Further, the court did not address the question of whether this violation was "serious," which would be necessary

---

[2]Because of the express waiver of any challenge to this aspect of the court's order, the plaintiff's oral argument to the contrary cannot constitute the basis for relief on this appeal.

if the incident was sufficient to warrant termination of the tenancy. Neither party requested further findings on this issue. This court will assume that the trial court made findings necessary to support its ultimate judgment. Putnam v. Albee, 1999 ME 44, ¶ 10, 726 A.2d 217, 219-220. The record does not compel a finding that this incident represented a "serious" violation of the defendant's obligations under the lease.

The second aspect of section IV(o) considered by the trial court concerned a single incident when Koren participated in the removal of a stop sign near the defendant's residence. The court found that this act amounted to criminal mischief. See 17-A M.R.S.A. § 806. The provisions of the lease agreement must be construed in the context of federal regulations that control the terms of the contract at issue here. See 24 C.F.R. 966.4 ("A lease shall be entered into between the PHA [public housing authority] and each tenant of a dwelling unit which shall contain the provisions described hereinafter."). Those controlling federal regulations require inclusion of a provision that guests or persons under the tenant's control are prohibited from engaging in criminal conduct "that threatens the health, safety or right to peaceful enjoyment" of the premises by other residents or housing authority personnel. Id. at 966.4(f)(12)(i)(A). In contrast, any drug-related criminal conduct carried out on or near the housing premises "shall" be cause for termination. Id. at 966.4(f)(12)(i). Section IV(o) of the lease agreement must be construed consistently with the regulatory distinction between drug-related and non-drug-related criminal conduct. Thus, Koren's criminal act is not a per se violation of the defendant's obligations under the lease because there was no finding that it was drug-related. Rather, the specific conduct and the

4

attendant circumstances must be considered, in order to determine whether that particular act threatened the health, safety or right to peaceful enjoyment of other residents or housing authority personnel.

The court made no findings regarding the environment where the traffic sign had been erected. Although one can imagine many circumstances where removal of a stop sign could pose a threat to the health, safety or peaceful enjoyment of other residents or housing authority personnel, there are other circumstances where removal or a traffic control sign would have no impact on the health and safety of others. For example, the sign could have been located in a remote area, or even on a road that was closed to traffic. Thus, even though Koren's conduct was criminal, its effects on others is entirely a function of specific facts not set out in the present record. Thus, this record does not demonstrate that the trial court erred in declining to terminate the tenancy on the basis of section IV(o).

The entry shall be:

For the reasons set out in the order dated February 1, 2001, the appeal is denied, and the judgment is affirmed. This case shall be remanded to the District Court.

Dated: February 1, 2001

_____
JUSTICE, SUPERIOR COURT
Jeffrey L. Hjelm

5