2009 ME 111

**Jennie CLARK**

v.

**Charles P. HEALD.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 14, 2009.

Decided: Nov. 19, 2009.

Susan C. Thiem, Esq., Christine E. Alberi, Esq., The Law Office of Susan C. Thiem, Lincolnville, ME, for Jennie Clark.

Patrick J. Mellor, Esq. Strout & Payson, P.A., Rockland, ME, for Charles Heald.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1]  Jennie Clark appeals from a judgment of the District Court (Rockland, *Westcott, J.*) denying her requests for: (1) an entry of a default against Charles P. Heald, and (2) an order that Heald turn

over to her certain rental payments he had received that, Clark alleges, belonged to her judgment debtor, Benjamin Watts. Clark asserts that the court erred when it refused to (1) enter a default against Heald, pursuant to 14 M.R.S. § 3127–A (2008), following Heald's untimely answer to an order to hold and answer, and (2) order Heald to turn over rent payments he possessed based on a turn-over order previously directed to Watts.

[¶ 2] An appellant seeking to vacate a decision has the burden of persuasion on appeal. *See Zegel v. Bd. of Soc. Worker Licensure,* 2004 ME 31, 14, 843 A.2d 18, 22. Thus, an appellant, here Clark, has the burden and responsibility of providing us with an adequate record, including any transcript of the proceedings, that is sufficient to permit fair consideration of the issues on appeal. *See NCO Portfolio Mgmt., Inc. v. Folsom,* 2007 ME 152, ¶ 6, 938 A.2d 24, 26; *see generally Putnam v. Albee,* 1999 ME 44, ¶¶ 7–10, 726 A.2d 217, 219–20. When the record does not include exhibits, statements, or other material necessary for proper consideration of an issue on appeal, the points on appeal relating to the missing material may be viewed as not preserved. *State v. Ahmed,* 2006 ME 133, ¶¶ 16 n. 3, 19, 909 A.2d 1011, 1017–18; *State v. Dill,* 2001 ME 150, ¶ 10 n. 5, 783 A.2d 646, 650. Further,

in an appeal without a transcript, we will assume that the record supports the trial court's findings of fact and the discretionary rulings on evidence, procedure, and remedies made during the course of the proceeding. *See Boggs v. Berthiaume,* 2008 ME 169, 2, 959 A.2d 739, 740; *Putnam,* 1999 ME 44, 10, 726 A.2d at 219–20.

[¶ 3] Here, there is no transcript, or alternative M.R.App. P. 5(d) statement, of the hearing that preceded issuance of the order at issue in this appeal. Also, there is no evidence in the record indicating when Clark completed service upon Heald of the order to hold and answer. Therefore, Clark has not met her burden of demonstrating that the trial court erred as a matter of law, found facts unsupported by the record, or abused its discretion in its rulings on procedure and remedies. The trial court's judgment must be affirmed.

The entry is:

Judgment affirmed.