2010 ME 4

**In re ANTHONY R.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2010.
Decided: Jan. 26, 2010.

Hunter J. Tzovarras, Esq. (orally), Hampden, ME, for Anthony R.

Janet T. Mills, Attorney General, Thomas Bradley, Asst. Atty. Gen. (orally), Office

of the Attorney General, Augusta, ME, for the Maine Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN,* and JABAR, JJ.

PER CURIAM.

[¶ 1] Anthony R. appeals from the judgment of the Knox County Probate Court *(Emery, J.)* finding that he is incapacitated and designating the Department of Health and Human Services (DHHS) as his public guardian for the limited purpose of making psychiatric care and medication decisions. *See* 18–A M.R.S. § 5–105 (2009).[1] Anthony contends that the court erred by failing to apply the clear and convincing evidence standard of proof to its findings approving the guardianship for purposes of psychiatric care and administration of antipsychotic medications. We affirm the judgment.

## I.  CASE HISTORY

[¶ 2] Anthony R. is a prisoner at the Maine State Prison. He is severely afflicted with a mental illness that causes him to attempt suicide and regularly attempt to harm himself or others. He is subject to twenty-four-hour visual supervision and is often placed in a room lacking any objects or even clothing, because of past efforts to use such objects or clothing to attempt suicide or otherwise harm himself or others.

[¶ 3] The record reflects that when Anthony receives proper medication, the manifestations of his mental illness and the risks he poses to himself and others are reduced. However, he is often resistant to taking medications, requiring that medications be administered without his consent to stabilize his condition.

[¶ 4] Anthony has completed the sentence that resulted in his incarceration at the Maine State Prison. However, he continues to be held in hold-for-court status as a result of new charges stemming from at least five assaults he is alleged to have committed upon correctional officers and others in the course of his incarceration.[2]

[¶ 5] Because of Anthony's continuing need for medication and his resistance to taking medications voluntarily, DHHS petitioned the court for a limited guardianship of Anthony that would allow the guardian to make decisions about Anthony's psychiatric care and medication. After a hearing, the court granted the petition and awarded a guardianship to DHHS. Although it has not been possible to reproduce a portion of the transcript of the hearing, both parties agree that, on a preponderance of the evidence standard, the record created at the hearing supported the court's findings and conclusions that led to the limited guardianship order.

---

* Although not available at oral argument, Justice Gorman participated in this opinion. *See* M.R.App. P. 12 (stating that a "qualified justice may participate in a decision even though not present at oral argument").

1. Title 18–A M.R.S. § 5–105 (2009) authorizes limited guardianships as follows:

    In any case in which a guardian can be appointed by the court, the judge may appoint a limited guardian with fewer than all of the legal powers and duties of a guardian. The specific duties and powers of a limited guardian shall be enumerated in the decree or court order. A person for whom a limited guardian has been appointed retains all legal and civil rights except those which have been suspended by the decree or order.

2. Title 34–A M.R.S. §§ 1404(5) and 1405 (2009) authorize holding an individual who is in hold-for-court status as a pretrial detainee at a Department of Corrections facility, subject to the approval of the Commissioner of Corrections.

[¶ 6] During the hearing, the Probate Court was not asked to address the appropriate standard of proof, and its order does not specify the standard of proof that the court applied.

[¶ 7] At the time the hearing was conducted, the law governing guardianship proceedings, 18–A M.R.S. 5–304(b) (2008), specified the preponderance of the evidence standard of proof as the basis for findings to be made by the Probate Court. *Guardianship of Hughes*, 1998 ME 186, ¶ 15, 715 A.2d 919, 923. Since the hearing, the guardianship statute has been amended by P.L. 2009, ch. 349, § 1 (effective Sept. 12, 2009). Section 5–304(b) now requires that findings supporting imposition of a guardianship be made to the clear and convincing evidence standard of proof.[3]

## II. LEGAL ANALYSIS

■ [¶ 8] To preserve an issue for appeal, the issue must first be presented to the trial court so that the trial court has the opportunity to assess and act on the point to which the objection is directed. *See Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 401, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 216, 67 S.Ct. 752, 91 L.Ed. 849 (1947). That is particularly important for those issues such as the proper standard of proof which might be easily accommodated should the issue have been presented to the trial court. Thus, we have indicated that we will not reach an issue, even a constitutional challenge to an action, if the issue is presented for the first time on appeal. *Dobson v. Sec'y of State*, 2008 ME 137, ¶ 3, 955 A.2d 266, 267–68.

■ [¶ 9] There is an exception to the requirement that issues and objections must be presented first to the trial court for what are called "obvious" errors, i.e., errors that should have been apparent to the trial court and result in substantial injustice in the proceedings. *See State v. Burdick*, 2001 ME 143, ¶¶ 13, 29–30, 782 A.2d 319, 324, 328; M.R.Crim. P. 52(b); M.R. Evid. 103(e). When an unpreserved error is asserted to implicate constitutional rights, the error may be regarded as "obvious" if it worked a substantial injustice or affected the appellant's substantial rights. *State v. Barnes*, 2004 ME 105, ¶ 5, 854 A.2d 208, 209–10.

■ [¶ 10] The issue presented here is an assertion that, while the trial court applied the standard of proof in accordance with the then-governing statute, that statute was unconstitutional because it should have required at least a clear and convincing evidence standard of proof. It is argued that this standard should have been applied because fundamental rights were at stake, including the loss of personal control inherent in the imposition of a guardianship and particularly, for this case, the loss of Anthony's right to refuse medication.

■ [¶ 11] Here, the trial court committed no obvious error adversely affecting substantial rights. The law at issue has been changed to require the standard of proof that Anthony asserts should have been applied to his case. Further, review of the findings by the trial court—findings that are not contested except for the standard of proof—establish that no manifest

---

3. Title 18–A M.R.S. 5–304(b), as amended in 2009, states:

(b) The court may appoint a guardian or coguardians as requested if the court finds by clear and convincing evidence that the

person for whom a guardian is sought is incapacitated and that the appointment is necessary or desirable as a means of providing continuing care and supervision of the incapacitated person.

injustice occurred if the lower standard of proof was applied. Considering the undisputed facts regarding the unfortunate effects of Anthony's mental illness, it is apparent, without a reasonable basis for doubt, that if the higher standard of proof had been applied to the trial court's findings, no different disposition would result. There is no obvious error requiring us to address the issue presented on appeal in this case.

The entry is:

Judgment affirmed.