2010 ME 101

**In re CAMERON W. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 23, 2010.
Decided: Oct. 14, 2010.

Jeffrey W. Davidson, Esq., Machias, ME, for the mother.

Sophie L. Spurr, Esq., Blue Hill, ME, for the father.

Janet T. Mills, Attorney General, Nora Sosnoff, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for the Maine Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

PER CURIAM.

[¶ 1]  The mother of Cameron W. and Dante H. and the father of Dante H. appeal from judgments of the District Court (Machias, *Romei, J.*) finding, pursuant to 22 M.R.S. § 4035 (2009), that the children were in circumstances of jeopardy. The case had commenced when two-week-old Dante H. was discovered to have signifi-

cant bruising on his abdomen and upper body. We address the parents' several arguments in turn.

  [¶ 2] First, the record does not indicate that the court shifted to the parents the burden to prove that each parent had not caused Dante's injuries, rather than placing the burden on the Department to prove the cause of the injuries. *See In re Scott S.*, 2001 ME 114, ¶ 14, 775 A.2d 1144, 1149 (stating that the Department bears the burden of proving, by a preponderance of the evidence, the elements necessary to justify issuance of a jeopardy order). The evidence indicates that Dante's injuries occurred while the child was in the mother's and father's exclusive care and control. With such evidence in the record, the Department's inability to produce evidence showing, and the absence of a court finding as to, the identity of the actual perpetrator of Dante's injuries does not preclude the court's finding of jeopardy. *See, e.g., In re Kafia M.*, 1999 ME 195, ¶ 14, 742 A.2d 919, 925 (affirming termination of the parents' parental rights even though there was "still no explanation for how the injuries came about, whether they were inflicted by [the father, the mother], one of the children living in the household, or some other person"). When the evidence demonstrates that an infant was injured while in the mother's and father's exclusive care and control, the court could reasonably infer that one or both parents were responsible for the child's injuries.

  [¶ 3] Second, contrary to the mother's contention, the court did not

abuse its discretion in denying her motion for additional findings of fact and conclusions of law, because the court's judgment contained adequate findings to support the result and to permit effective appellate review. *See Sargent v. Braun,* 2006 ME 96, ¶ 5, 902 A.2d 839, 840–41; *Dargie v. Dargie,* 2001 ME 127, ¶¶ 2–3, 778 A.2d 353, 355.

[¶ 4] Finally, the court's findings of jeopardy were supported by competent evidence in the record. *See In re Adrian D.,* 2004 ME 144, ¶¶ 14–15, 861 A.2d 1286, 1290–91.[1]

The entry is:

Judgments affirmed.

---

1.  The father asserted for the first time in his reply brief on appeal that the court's judgment finding jeopardy as to Dante should be dismissed because it was entered more than 120 days from the filing of the child protection petition, without a showing of good cause, in violation of 22 M.R.S. § 4035(4–A) (2009). Even if this issue had been timely raised and preserved, *see In re Anthony R.,* 2010 ME 4, ¶ 8, 987 A.2d 532, 534; M.R.App. P. 9(c) ("Any reply brief ... must be strictly confined to replying to new matter raised" in an appellee's brief.), section 4035(4–A) does not provide for the dismissal of a jeopardy order as a remedy for an order entered after the 120–day period.