STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-36
KAC—CUM-

JENNIFER MARTIN
and GILBERT HOTHAM,
     Plaintiffs

ORDER ON SMALL
CLAIMS APPEAL

v.

**STATE OF MAINE**
**Cumberland.ss Clerk's Office**

DAVID HAGAR and
GAIL HAGAR,
     Defendants

DEC 1 3 2012

**RECEIVED**

Pursuant to Maine Rule of Civil Procedure 76D, Defendants Gail and David

Hagar appeal a small claims judgment entered against them in Portland District Court on

May 17, 2012.

On November 15, 2011, Plaintiffs Jennifer Martin and Gilbert Hotham filed a

small claims complaint in Portland District Court naming their former landlords, Gail and

David Hagar, as defendants. The complaint alleged that the Plaintiffs moved in to

Defendants' building in July 2010 and paid a $1,050 security deposit. Plaintiffs alleged

that they moved out in August 2011 and Defendants never returned the security deposit.

On May 17, 2012, after a hearing, Judge Kelly entered judgment for Plaintiffs in

the amount of $1,050, plus $55.59 in costs. The hearing was apparently not recorded and

the order did not include findings or reasoning.

On June 12, 2012, Defendants filed a notice of appeal in this Court. The record

on appeal consisted only of the docket sheet and exhibits from the May 17 hearing. As

grounds for the appeal, Defendants stated that they should have been exempt from

1

providing an itemized list of damages within 21 days[1] because the building was owner occupied and consisted of 5 units or less.[2] Defendants argue that, at the hearing, they told Judge Kelly they believed there was a law exempting them, and she said she would look into the law. Defendants believe that Judge Kelly's judgment for Plaintiffs was based solely on the Defendants' non-compliance with the 21-day rule, and, thus, she committed legal error by not finding them exempt under § 6037(2).

Under Rule 76F, when a transcript is unavailable, the appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript." M.R. Civ. P. 76F(c). This provision corresponds to the section at the bottom of the standard notice of appeal form, which instructs the appellant to choose between "Transcript Order attached" or "No electronic or other recording of the proceedings being available, a statement in lieu of transcript will be prepared." Defendants failed to complete that section. Because it is the appellant's burden[3] to provide an adequate record, the Court denies the appeal.

---

[1] As required by 14 M.R.S.A. § 6033(2)(B).

[2] Section 6033 does not apply to "any tenancy for a dwelling unit which is part of a structure containing no more than 5 dwelling units, one of which is occupied by the landlord." 14 M.R.S.A. § 6037.

[3] Similarly, under the appellate rules, the Law Court has denied relief based on an appellant's failure to file a transcript of the relevant hearing or trial or, alternately, a "statement of the evidence or proceedings" as allowed under Maine Rule of Appellate Procedure 5(d). *See Clark v. Heald*, 2009 ME 111, ¶ 3, 983 A.2d 406 (*per curiam*); *Boggs v. Berthiaume*, 2008 ME 169, ¶ 2, 959 A.2d 739 (*per curiam*); *Putnam v. Albee*, 1999 ME 44, ¶ 10, 726 A.2d 217 ("When an appellant has failed to provide a transcript of the proceedings below, we must assume that the record would support the trial court's findings and evidentiary rulings.").

The entry will be:
The Court AFFIRMS the judgment of the District Court.

_____
DATE

_____
SUPERIOR COURT JUSTICE

3

Date Filed __JUNE 19, 2012__ __CUMBERLAND__ Docket No. __AP-12-36__
County

Action __DISTRICT COURT APPEAL__

JENNIFER MARTIN                    DAVID HAGAR
GILBERT HOTHAM                     GAIL HAGAR

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>14 LIBERTY LANE<br>APT 75<br>SOUTH PORTLAND ME 04106<br><br>25 Caincrest Road<br>York ME 03909 | PRO SE<br>PO BOX 60<br>NEW GLOUCESTER ME 04260 |

| Date of Entry | |
|---|---|

2012
June 20   Received 6-19-12.
          Defendant Notice of Appeal filed