MAINE SUPREME JUDICIAL COURT                      Reporter of Decisions
Decision:      2016 ME 63
Docket:        Cum-15-286
Argued:        April 6, 2016
Decided:       April 26, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

JENNIFER A. KILTON

v.

DARIN W. KILTON

ALEXANDER, J.

[¶1]  Darin W. Kilton appeals from a divorce judgment entered by the District Court (Portland, *Kelly, J.*) following an uncontested hearing.  He alleges several errors in the trial court procedures, including insufficient notice of the final hearing, inconsistency between the parties' signed mediation agreement and the final judgment, and lack of a recording of the uncontested divorce hearing. Because all of these issues are raised for the first time on appeal, without the trial court having had any opportunity to consider the claimed errors in its procedures, and because no error of law is apparent on the face of the judgment, we affirm the judgment.

[¶2]  Darin and Jennifer A. Kilton were married in December 2011.  They have no minor children.  On March 13, 2015, Jennifer filed a complaint for divorce.  The parties participated in mediation, *see* M.R. Civ. P. 92(b), 110B,

2

which resulted in written points of agreement on a court mediation form that purported to fully resolve the issues in the divorce. The points of agreement, signed by the parties, addressed the distribution of a home, several retirement accounts, debts, several items of personal property, and two LLCs, and indicated that Jennifer's attorney would draft a proposed order embodying the agreement.

[¶3] An uncontested final hearing on the divorce was initially scheduled for May 13, 2015. For reasons that are not clear from the record, the hearing was rescheduled to May 20, 2015. The record includes a copy of the notice of the rescheduled hearing date sent to Darin by Jennifer, and the court, in its judgment, found that such notice had been provided to Darin.

[¶4] The court held an uncontested final hearing on May 20, 2015, which Darin did not attend. As sometimes occurs in such uncontested proceedings, the hearing was not recorded. The court granted the parties' divorce the same day, adopting the order drafted by Jennifer's attorney. Neither party filed any post-judgment motions. Darin timely filed this appeal, but he initiated no effort, pursuant to M.R. App. P. 5(d), to create an alternative record of the unrecorded proceeding.[1] *See Cates v. Donahue,* 2007 ME 38, ¶ 2, 916 A.2d 941.

---

[1] Darin argues that it was impossible for him to comply with the provisions of M.R. App. P. 5(d) because he was not present at the hearing and cannot, therefore, produce a summary of what transpired. Rule 5(d), however, anticipates participation by the other party and the trial court in the production of the statement of the evidence in lieu of a transcript, *see Cates v. Donahue,* 2007 ME 38, ¶ 2, 916 A.2d 941,

[¶5]   On appeal, Darin bears the burden to demonstrate error in the trial court's judgment.   *See Clark v. Heald*, 2009 ME 111, ¶ 2, 983 A.2d 406 (per curiam).   Having the burden of persuasion on appeal, he is responsible for providing us with an adequate record—including any transcript of the proceedings or an adequate substitute statement of the evidence—that is sufficient to permit fair consideration of the issues on appeal.   *State v. King*, 2015 ME 41, ¶ 4, 114 A.3d 664; *State v. Milliken*, 2010 ME 1, ¶ 12, 985 A.2d 1152.

[¶6]   Had Darin pursued appropriate post-judgment remedies in the trial court to address his claimed lack of notice of the hearing, or the alleged inconsistency between the mediated agreement and the final judgment, or had he sought to invoke M.R. App. P. 5(d) to create an alternative statement of the evidence, his actions in the trial court might have generated a record for appeal. Without such a record, and where no obvious error of law appears on the face of the judgment, Darin has failed to carry his burden on appeal.   *See Clark*, 2009 ME 111, ¶ 2, 983 A.2d 406.

[¶7]   Responsible appellate review requires that issues of concern be first addressed to and considered by the trial court.   This prerequisite to appropriate appellate review is necessary for two reasons.   First, it provides the trial court and

---

and the trial court or Jennifer's attorney could have filled in gaps in Darin's knowledge as to any evidence presented at the hearing.

4

other parties notice and opportunity to correct any perceived error, which may then avoid the need for an appeal or avoid the result being vacated or remanded for further proceedings after appeal. *See In re Anthony R.*, 2010 ME 4, ¶ 8, 987 A.2d 532; *State v. Dube*, 522 A.2d 904, 908-09 (Me. 1987). Second, it assures that any review on appeal will be informed by a ruling made in the first instance by "the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401 (2006).

[¶8] Because the trial court was given no opportunity to address the concerns Darin raises for the first time on appeal, and because there is no record of the evidence presented to the trial court, there is no basis to grant relief on appeal.[2]

The entry is:

Judgment affirmed.

---

[2] Because Darin failed to attend the final hearing, the judgment entered is akin to a default judgment. Had this been a default judgment the result would be the same, as Darin's appeal would be improper due to his failure to move the trial court to set aside the default. *See Fleet Mortg. Corp. v. Cobb*, 611 A.2d 565, 566 (Me. 1992).

**On the briefs and at oral argument:**

    Anthony J. Sineni, III, Esq., Law Offices of Anthony J. Sineni, III, LLC, Portland, for appellant Darin W. Kilton

    Kim E. Pittman, Esq., Vincent, Kantz, Pittman & Thompson, Portland, for appellee Jennifer A. Kilton

Portland District Court docket number FM-2015-291
FOR CLERK REFERENCE ONLY