MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 109
Docket:       Ken-18-479
Submitted
  On Briefs:  June 26, 2019
Decided:      July 11, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

JANE DOE[1]

v.

GLEN PLOURDE

HUMPHREY, J.

[¶1]  Glen Plourde appeals from a protection from harassment order entered against him in the District Court (Waterville, *R.A. French, J.*) on the complaint of Jane Doe.  *See* 5 M.R.S. §§ 4653, 4655(1) (2018).  Plourde argues that the court abused its discretion in consolidating the hearing on his motion to dissolve the temporary protection from harassment order and the final hearing on Doe's complaint, and in issuing a scheduling order that limited the time for the consolidated hearing to two hours.  He also argues that the court

---

[1]  To comply with federal law, we do not identify the plaintiff in this protection from harassment action and limit our description of events and locations to avoid revealing "the identify or location of the party protected under [a protection] order."  18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 116-19).

2

erred in finding credible the testimony of two witnesses and in finding that he intentionally sought to harass Doe. We affirm the court's judgment.

## I. BACKGROUND

[¶2] In May 2018, Doe first noticed Plourde watching her as she left her home. He made kissing movements and moved his head and body to follow her as she drove by him three times that day. Doe then noticed Plourde smoking while he observed and walked by her home multiple times each day from May to August. This caused her to be fearful, feel uncomfortable, and change her daily routine to avoid being outdoors. Plourde later requested copies of the blueprints to her home from the town office. Plourde was arrested after entering Doe's driveway and observing her through the glass portion of her door.

[¶3] On August 30, 2018, Doe filed a complaint for protection from harassment against Plourde in the Waterville District Court. 5 M.R.S. § 4653(1) (2018). The court (*Mathews, J.*) issued a temporary protection from harassment order that same day. *Id.* § 4654(2) (2018). On September 18, 2018, Plourde filed a motion to dissolve, which was scheduled for a hearing on September 27, 2018. *Id.* § 4654(6) (2018). Because Doe was not served with the motion to dissolve until the night before the hearing, the court (*Davis, J.*)

continued the hearing to October 1, 2018, consolidating it with the final hearing on Doe's complaint. On October 1, the court (*Stanfill, J.*) continued the hearing on both motions due to the court's schedule. Between October 12 and 23, 2018, Plourde served witness subpoenas on numerous individuals and filed many letters with the court. After reviewing Plourde's materials, the court issued a scheduling order limiting the time allotted for the consolidated hearing to two hours—each party was "limited to one hour for both cross-examination and direct presentation of his or her case."

[¶4] On October 31, 2018, the court (*R.A. French, J.*) held the consolidated hearing and issued a one-year protection from harassment order on the basis that Doe "established stalking" and "established three or more acts of intimidation that caused her fear and, in fact, were done with the intent to intimidate." Plourde timely appealed without filing a motion for further findings. M.R. App. P. 2B(c); M.R. Civ. P. 52(b).

## II. DISCUSSION

[¶5] Plourde first challenges the court's decision to consolidate the final hearing on Doe's complaint and the hearing on his motion to dissolve the temporary protection from harassment order. We review the court's procedural decision to consolidate the hearings for an abuse of discretion. *See*

4

M.R. Civ. P. 42(a); *Maietta v. Int'l Harvester Co.*, 496 A.2d 286, 290-91 (Me. 1985).

¶[6]  Contrary to Plourde's argument, the court did not abuse its discretion in consolidating the hearings.  First, the court did not improperly continue the hearing on Plourde's motion to dissolve, which had been scheduled to be heard on September 27, 2018, after Doe was served only the night before.  *See* 5 M.R.S. § 4654(6).  Second, pursuant to section 4654(6), the court has discretion with regard to when to hold the hearing on the motion to dissolve.  *See id.*  In this case, the court quickly rescheduled the hearing to two business days later—October 1, 2018—when the parties were already scheduled to appear in court for the final hearing on Doe's complaint.  It is within the court's discretion to consolidate hearings where, as here, there is a common question of law or fact.  M.R. Civ. P. 42(a).  In this case, the hearings involved common questions of law and fact, namely, whether Doe could demonstrate, by a preponderance of the evidence, that Plourde harassed her. 5 M.R.S. § 4654(1), (6) (2018).  Finally, the court's decision to consolidate the hearings did not disadvantage Plourde.  At *both* a hearing on a motion to dissolve and a final hearing on a complaint for protection from harassment, it is the plaintiff's burden to demonstrate to the court, by a preponderance of the

evidence, that a protection order is appropriate. *Id.* The court's decision to consolidate the hearings did not relieve Doe of her burden or otherwise disadvantage or prejudice Plourde. Therefore, the court did not abuse its discretion. *See* M.R. Civ. P. 42(a); *Maietta,* 496 A.2d at 290-91.

[¶7] Plourde next challenges the court's (*Stanfill, J.*) scheduling order limiting the consolidated hearing to two hours, allotting one hour to each party to cross-examine and present its case. We review a trial court's scheduling order for an abuse of discretion. M.R. Civ. P. 16A(a). Contrary to Plourde's argument, the court did not abuse its discretion in issuing a scheduling order limiting the duration of the consolidated hearing and the issues to be considered. *See id.* Pursuant to Rule 16A(a), "the court may issue a scheduling order, trial management order, or other order directing the future course of the action." *Id.* Moreover, the "trial court has broad discretion to control the order and timing of presentation of evidence and to set and enforce reasonable time limits on testimonial hearings." *Dolliver v. Dolliver*, 2001 ME 144, ¶ 10, 782 A.2d 316. Based on prior court-related experiences with Plourde, the number of subpoenas Plourde filed (few, if any, of which were likely to generate relevant evidence), and the relative simplicity of the issues to be decided at the hearing, the court did not abuse its discretion in limiting the total time for the hearing

to two hours, nor in explicitly restricting the scope of inquiry to issues relevant to the protection from harassment order. *See* M.R. Civ. P. 16A(a); *Bank of Am., N.A. v. Camire*, 2017 ME 20, ¶¶ 1, 8-10, 155 A.3d 416 (determining that the trial court properly exercised its discretion in managing trial time where the court provided advance notice to the parties that the trial would be limited to two hours on a claim involving outstanding credit card debt).

[¶8] Finally, Plourde argues that the court erred in relying on the testimony of two particular witnesses and in finding that he intentionally harassed Doe. We review challenges to a witness's credibility and the court's factual findings for clear error. *See* M.R. Civ. P. 52(c); *Allen v. Rae*, 2019 ME 53, ¶ 9, 206 A.3d 902; *Sloan v. Christianson*, 2012 ME 72, ¶ 29, 43 A.3d 978. We find Plourde's arguments unpersuasive for two reasons. First, "[b]ecause a trial court is not bound to accept testimony and evidence as fact, and because determinations of the weight and credibility of testimony and evidence are squarely in the province of the fact-finder, we will not second-guess the trial court's credibility assessment of conflicting testimony." *Allen,* 2019 ME 53, ¶ 9, 206 A.3d 902 (quotation marks omitted). Second, contrary to Plourde's contention, there is sufficient evidence to support the court's finding that he engaged in a pattern of behavior that caused Doe fear and was performed with

the intent to intimidate her.  5 M.R.S. § 4651(2)(A) (2018).  Therefore, the court did not err in issuing the protection from harassment order.  *Id.* § 4655.

The entry is:

Judgment affirmed.

---

Glen Plourde, appellant pro se

Melissa L. Martin, Esq., Pine Tree Legal Assistance, Portland, for appellee Jane Doe

Waterville District Court docket number PA-2018-329
FOR CLERK REFERENCE ONLY